The question of having several forged bills in possession, &c., not passed upon.

Affirmed.

# N. Y. SUPERIOR COURT.

## GENTIL agt. ARNAND *et al.*

Relief by an *injunction* against *trespass*, is three fold ;  1st.  Admission or adjudication of plaintiff's right.   2d.  Admission or adjudication of defendant's wrong; and 3d.  Inadequacy of a remedy at law.  If the trespass amount to an actual ouster, it is remediable by ejectment; if it fall short of ouster, then by trespass, and in neither case will an injunction lie, in the absence of any special equity in the case. A complaint in the case for an injunction, may be dismissed, on motion, without an answer for want of equity, on its face.

Where it appears on the face of the complaint, that the plaintiff is not entitled to relief by injunction, as a part of the final judgment in the case, there is no authority to issue or uphold a *preliminary injunction.*

*Special Term, November,* 1869.

MOTION by defendants to dissolve injunction.

McCUNN, J. To authorize an injunction under section 219 of the Code, the complaint must show the plaintiff entitled to an injunction as ultimate relief; and, that a present preliminary injunction is necessary to avert intermediate injury. (*Hart* agt. *Harvey.* 32 *Barb.*)   Now the complaint herein,

exhibits no equity. The injury alleged is a mere *trespass*, and a mere trespass is insufficient to authorize an injunction. "The principle of injunctive relief against a tort is, that whenever damage is caused or threatened to property, *admitted* or legally adjudged to be the plaintiff's, by an act of the defendant admitted or legally adjudged to be a civil wrong, and such damage is not adequately remediable at law, an injunction may issue against the commission or continuance of the wrong." Thus three conditions are essential to injunctive relief against trespass: First—admission or adjudication of plaintiff's right; Second—admission or adjudication of the defendant's wrong; and Third—inadequacy of a remedy at law. Neither of these conditions are operative in the present case; for both the right of the plaintiff and the wrong of the defendants are explicitly denied, and in fact, decisively disproved; moreover, it is plain the complainant has an ample remedy in an action of damages at law, and his mere denial of the inadequacy of legal remedy avails nothing when he shows no fact indicative of irreparable injury, and the court sees he has abundant redress in an action for damages. If the trespass amount to an actual ouster, it is remediable by ejectment; if it falls short of ouster, then by trespass; and in neither of these cases will an injunction lie (*Thomas* agt. *Oakley*, 18 *Vesey*, 184). There must be some special equity in the case so as to bring the injunction under the head of quieting possession, or preventing irreparable injury, or inadequacy of compensation in damages (*Livingston* agt. *Livingston*, 6 *Johns.*, *Ch. R.*, 497). That an injunction will not issue when the injury is remediable by damages *see Marshall* agt. *Peters*, (12 *How.*, 218); and it well establishes that it will not issue to restrain an apprehended trespass (*Mayor of New York* agt. *Conover*, 5 *Abb.*). The allegation in the complaint of the destruction and removal of the plaintiff's personal property raises no equity for an injunction; since these are injuries for which an obvious and adequate remedy

may be had at law by an action of trover, replevin, or trespass. A bill of injunction may be dismissed on motion without an answer, for want of equity, on its face (*Crandall* agt. *Woods,* 4 *Culi.,* 449.)

It being obvious therefore, *on the face of the complaint* that the plaintiff is not entitled to injunctive relief, as a part of the final judgment in the case, there is no authority to issue or uphold an *interim* injunction. On this point the language of sub. 1, sec, 219 of Code, is explicit and peremptory. " *Where it shall appear by the complaint* that the plaintiff is *entitled* to the relief demanded, and such relief consists in a final injunction," &c. The plaintiff's own statement of her case postively discredits her claim to injunctive relief.

In a certain sense an interlocutory injunction is in the discretion of the court; yet the discretion is not arbitrary or capricious but is regulated by well established and familiar rules of practice. A preliminary injunction should not be granted unless the injury is pressing and delay dangerous. A clear right, free from reasonable doubt, must be shown to authorise a preliminary interference of the court.

In the present case, the right is not only denied but positively disproved, and it is an almost universal practice to dissolve the injunction, where the answer fully denies all circumstances upon which the equity of the bill is founded. (*Hoffman* agt. *Livingston* 1 *Johns. Ch., R.* 211.) In the present case, not only is the equity of the bill explicitly denied, but, in fact, all the right and all the equity are with the defendants.

They are in the legal possession and enjoyment of the building, and the plaintiff is a mere trespasser, without a shadow of title. Never before did an intruder seek, much less obtain, the equitable interposition of the court to uphold him in his wrongful entry. The injunction order should be dissolved.