INTERNATIONAL TOOTH CROWN Co. *v.* MILLS and others.

*(Circuit Court, S. D. New York. December 1, 1884.)*

PATENTS FOR INVENTIONS—PATENTS NOS. 277,941, 277,943—INFRINGEMENT—LICENSE—PRELIMINARY INJUNCTION.

A preliminary injunction will not be granted where, upon the same proofs and allegations, final relief would not be granted. Injunction denied.

In Equity.

*Dickerson & Dickerson,* for complainant.

*S. J. Gordon,* for defendant.

WALLACE, J. The motion for a preliminary injunction to restrain the infringement by defendants of letters patent of the United States granted to Cassius M. Richmond, No. 277,941 and No. 277,943, and of letters patent to Alvan S. Richmond, No. 277,933, and of letters patent to J. E. Low, No. 238,940, must be denied. Whatever may be decided finally as to the validity of these patents, enough is shown in the opposing affidavits to suggest doubts which are fatal upon an application for an injunction *pendente lite.* The complainant mainly relies upon the effect of certain conditions contained in licenses asserted to have been taken of complainant by the defendants under all the patents except the Low patent, whereby, in substance, the defendants covenant never to contest the validity of the patents, and to consent to the issuing of an injunction in case of a violation of the license agreement, and never to encourage any infringement of the patents.

There are no allegations in the bill of complaint that such licenses were ever granted by complainant or accepted by the defendants, or any to show that defendants are not ordinary infringers, and proof of such facts would not, therefore, be considered if the case were here

upon final hearing. Preliminary relief will not be granted when, upon the same proofs and allegations, final relief would not be granted.

There is nothing in the affidavits on the part of the complainant in regard to the licenses. Copies of licenses are annexed, which purport to be signed by persons bearing the same name as the defendants, but there is nothing to show that licenses were ever delivered to or accepted by the defendants, or that there has been any breach, or that the licenses are not now in force. Enough may be spelt out from the affidavits of the defendants, and from the answer to the bill, to supply these omissions, though not without difficulty; but the court should not be asked to spend much time to find out whether the vital facts upon which the moving party relies, but which he has not taken the trouble to assert, can be exhumed from some other source. Ordered accordingly.