THE PACIFIC MUTUAL TELEGRAPH COMPANY, *et al.*, v. THE CHICAGO & ATCHISON BRIDGE COMPANY.

EMINENT DOMAIN; *Condemnation; Injunction.* Where a telegraph company presents an application to the judge of the district court and secures the appointment of commissioners to condemn a right-of-way for a telegraph line over and along a bridge which spans a navigable river, and therein specifically states the property proposed to be taken, and the particular manner by which it is proposed to attach the wires and other fixtures to the bridge, and it is found that the method outlined in the application will interfere with the opening of the draw-span of the bridge, and obstruct the navigation of the river, the owner of the bridge is entitled to an injunction to restrain the company and the commissioners that were appointed from proceeding further under the application, and a proposal by the telegraph company, in its answer in the injunction proceeding, to so change its plan as to obviate the objections, and which is a substantial departure from the plan stated in the application, will not defeat the action for injunction.

*Error from Atchison District Court.*

INJUNCTION, brought by *The Chicago & Atchison Bridge Company* against *The Pacific Mutual Telegraph Company,* and others. Judgment for plaintiff at the February Term, 1886. The defendants bring the case here. The opinion states the facts.

*Jackson & Royse,* for plaintiffs in error.

*Everest & Waggener,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Pacific Mutual Telegraph Company presented an application to the judge of the district court of Atchison county for the appointment of commissioners to condemn the right to construct and maintain a telegraph line along and over the north side of the bridge of the Chicago & Atchison Bridge Company, which spans the Missouri river at Atchison, Kansas, and to appraise the value and assess the damages to the bridge property taken for such purpose. On this application commissioners were appointed. Afterward the bridge company began an action, and obtained a temporary injunction enjoining the telegraph company and the commissioners from proceeding with the condemnation. Issues were joined and a trial had before the court, which resulted in a decree enjoining the telegraph company from proceeding farther under the condemnation proceeding that had been instituted, to reverse which this proceeding is brought.

The district court found and placed its decision upon the fact that the plans of the telegraph company, for the construction and operation of its line across the bridge, as stated in its petition to the judge of the district court, and upon which the commissioners were appointed, was impracticable, and would interfere with the opening of the draw-span of the bridge and with the navigation of the river. This fact cannot well be questioned by the plaintiffs in error, as the testimony upon which it was found has not been brought here; and that the company cannot in any way interfere with the turning of the draw-span or obstruct the navigation of the river, is conceded. In its answer filed in the injunction proceeding, the telegraph company outlined and proposed another plan for the construction of its line, which it claimed would not interfere with the operation of the draw-span or with the navigation of the river; but this plan was a substantial departure from the one upon which the commissioners were appointed to condemn the right-of-way across the bridge. It is now contended that it was unnecessary to state in the

petition what property was intended to be appropriated, or how the wires of the telegraph company were to be attached to the bridge, and therefore the company was at liberty to disregard the plans stated in the petition, and to have the commissioners that were appointed proceed upon another and a different one. The petition or application is the initiatory step or basis of the condemnation proceeding. It is required to be in writing, and from it the judge determines whether a case is presented for the exercise of the right of eminent domain. In this case, the condemning party stated particularly what use it proposed to make of the bridge, and detailed the manner in which it proposed to attach its wires and other fixtures to the same. The commissioners were appointed to appraise the damages which the bridge company would suffer if the property was so taken. They gave notice that they would proceed under the plan named in the petition, and from that notice the bridge company received information of how it and its property were to be affected. It may be, as the telegraph company contends, that only a general allegation of its purpose was necessary in the petition, and that a detailed statement of the manner of construction was not required under the statute; but that is not this case. There is no complaint that the petition was too general or too meager in its statement, but rather that it contained too much. The company has chosen to specifically state its purpose and plans, and has thereby made out its own case. That which it proposed and threatened to do is confessedly impracticable and unauthorized by law, and afforded the bridge company sufficient grounds to maintain injunction. It is said that the new plan is practicable and proper, but it was not suggested until the action to enjoin had been begun, and only then in the answer filed in the injunction proceeding; and the extent of the decree in the present case is to restrain the telegraph company from carrying out the first plan, or in other words, from proceeding farther under the petition, order and notice, which proposed to do that which the law does not permit to be done. The decree rendered does not prevent the company

from presenting another application and instituting another condemnation proceeding, providing that what is asked for is within the law. It appears from the records of this court that the telegraph company has abandoned the first application and is now prosecuting another one, wherein it attempts to obviate the objections raised in the first.

We think there was no error in the ruling of the district court, and its judgment must be affirmed.

All the Justices concurring.

---

36  121
41   78
42  646
42  651

36  121
51  631

36  121
56  674

36  121
59  261

36  121
69  452