Frank B. Reynolds et al., Appellants, *v.* James F. Everett et al., Respondents.

The mere apprehension of some future acts of a wrongful nature which may be injurious to plaintiff is not a sufficient basis for a final injunction; that remedy becomes a necessity only when it is perfectly clear upon the facts that, unless granted, plaintiff may be irreparably injured and that he can have no adequate remedy at law for the mischief occasioned.

In the absence of proof of such facts, the denial of the relief is within the discretion of the court below, and with the proper exercise of that discretion this court may not interfere.

In an action brought by plaintiffs, who were cigar manufacturers, the complaint alleged that their employees and those of other manufacturers had struck because of the refusal of their employers to grant a demand for increased wages; that defendants were in part such strikers and in part were connected with a newspaper encouraging and abetting the strike. The complaint then set forth facts tending to show a combination among the striking workmen, aided by the defendant journalists, to compel, by unlawful and violent methods, the submission of the cigar manufacturers. The only relief asked was a perpetual injunction. A temporary injunction was granted. The strike had ceased previous to the trial, but the trial was proceeded with, by agreement of counsel, on

the sole issue as to the right of defendants to induce persons, by entreaty and persuasion, to leave the service of their employers and not to enter their service. There was neither a finding nor a request to find, or to award damages. The complaint was dismissed. *Held*, that plaintiffs were not entitled, as of strict right, to the relief sought; that a refusal to grant it was in the discretion of the court below; and that the exercise of this discretion was not reviewable here.

Reported below, 67 Hun, 294.

(Argued December 5, 1894; decided December 18, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 7, 1893, which affirmed a judgment in favor of the defendants entered upon an order dismissing the complaint on trial at Special Term.

This action was brought to obtain equitable relief by way of a perpetual injunction against the defendants; restraining them from the commission of certain acts complained of as being illegal and injurious.

The plaintiffs were engaged in the business of manufacturing cigars in the city of Binghamton and the defendants were, in part, striking cigarmakers and, in part, persons connected with a newspaper published in the city, and charged with encouraging and abetting a " strike " among the cigarmakers. The complaint set forth that the employés of the plaintiffs and of the other manufacturers had discontinued working in the manufactories, because of the refusal of their employers to concede a demand for increased prices for work, and had illegally combined and conspired together for the purpose of enforcing their demands. It was charged that, beyond appeals to those employés who had remained at work and to those who either had been, or were being, engaged to work, the striking workmen actively interfered by the intimidating processes of threats and abuse and had spread malicious reports about the plaintiffs and other manufacturers, as a part of the scheme to prevent them from conducting their business and to ruin them unless they should comply with the demand for an increase in wages to workmen. There were many other allegations in the complaint;

all tending to show a combination among the striking work-
men, aided by the defendant journalists through the news-
paper columns, for the purpose of compelling the submission
of the cigar manufacturers by unlawful and violent methods.
Upon the complaint and the accompanying affidavits an
injunction, pending the action, was granted; which restrained
the defendants from doing, or aiding in the doing, of any of
the acts complained of and from obstructing the plaintiffs in
obtaining workmen for the purpose of carrying on their busi-
ness and from enticing away their employés. The answers
of the defendants denied an unlawful conspiracy, or the doing
of unlawful acts ; set up a previous combination of the cigar
manufacturers, having for its object to compel a reduction in
the wages to be paid to workmen, and pleaded the pendency
of an action at law to recover damages for the same acts which
were complained of and the adequacy of the remedy at law.
When the issues came on for trial, the " strike " had long
ceased ; but the trial of the case was proceeded with, by vir-
tue of the concessions made by the counsel for the parties,
upon the sole issue of the right of the defendants to induce
persons by entreaty and persuasion to leave the service of
their employers, or not to enter the service of the plaintiffs
and other cigar manufacturers. This question was decided in
the affirmative ; the trial justice holding, in substance, that
when the peaceful methods of entreaty or persuasion were
adopted and no resort was had to intimidation, there was no
unlawful obstruction of plaintiffs' rights. He directed a judg-
ment for the defendants, dismissing the complaint. At the
General Term, the judgment was affirmed, and the plaintiffs
have appealed to this court.

*A. D. Wales* for appellants. The enticing away of an
employee, even where there is no combination or conspiracy,
is illegal and actionable. (*Caughey* v. *Smith*, 47 N. Y.
244; *Stewart* v. *Simpson*, 1 Wend. 376; *Woodward* v.
*Washburne*, 3 Den. 369; *Haight* v. *Bodgeley*, 15 Barb.
499; *Gray* v. *Durand*, 51 N. Y. 242; *Mulvehall* v. *Mill-*

*ward*, 11 id. 343; *Dain* v. *Wyckoff*, 7 id. 191; 18 id. 435; *Farman* v. *Van Lise*, 56 id. 435; 5 Cow. 106; 5 Barb. 663; *Lampman* v. *Hayward*, 3 T. & C. 291; *Bailly* v. *Rightmire*, 4 N. Y. 38; *White* v. *Nellis*, 31 id. 405; *Certwell* v. *Hoyt*, 6 Hun, 575; *Bowen* v. *Hall*, 6 Q. B. D. 333; *Lumley* v. *Gye*, 2 El. & Bl. 216; *Meyer* v. *Association*, 47 N. J. Eq. 519; *Haskins* v. *Royster*, 70 N. C. 601; *Gunter* v. *Astor*, 4 J. B. Moore, 12; *Jones* v. *Blocker*, 43 Ga. 331; Reeves' Dom. Rel. 376; 3 Black. Comm. 142.) The combination found by the court constituted an illegal conspiracy. (Greenl. on Ev. § 89; 3 Lawson's Rights & Rem. § 1047; *Comm.* v. *Hunt*, 4 Metc. 111; 5 N. Y. Crim. 497; *B. L. O. Co.* v. *Everett*, 30 Hun, 588; 9 Cow. 587; *People* v. *Fisher*, 14 Wend. 11; *King* v. *Journeymen Tailors*, 8 Mod. 11; *People* v. *Trequier*, 1 Wheeler's Crim. Cas. 142; *Rex* v. *Furgeson*, 2 Stark. 489; *M. S. Assn.* v. *Walsh*, 2 Daly, 1; Penal Code, §§ 168, 170, 720; *Reg.* v. *Rowland*, 5 Cox C. C. 436; *Crump* v. *Comm.*, 84 Va. 927; *Reg.* v. *Hewitt*, 5 Cox C. C. 162; *Reg.* v. *Duffield*, Id. 404; *People ex rel. Gill*, 15 N. Y. S. R. 17; 110 N. Y. 683; *State* v. *Glidden*, 55 Conn. 74.) Independent of the technical rules already considered defendants' acts are illegal and actionable. (*State* v. *Stewart*, 59 Vt. 273; Code Civ. Pro. § 3342; *King* v. *Root*, 4 Wend. 154; *Hilton* v. *Eckersley*, 6 El. & Bl. 47; Cooley on Torts, 331–333.) Upon principles of constitutional law the acts of defendants are illegal, and a cause of action exists to redress the rights violated. *Dudley* v. *Mayhen*, 3 N. Y. 91; *Smith* v. *Lockwood*, 13 Barb. 209; 5 Johns. 175.) A combination to advance wages finds no protection in the civil law. (Penal Code, § 720.) The acts complained of and found by the court being illegal, the plaintiffs, under the law, are entitled to an injunction. (*Mayor* v. *Association*, 47 N. J. Eq. 529; *P. G. Co.* v. *P. G. Co.*, 89 N. Y. 493; *T. Assn.* v. *The Sun*, 7 Hun, 175; *Fox* v. *Fitzsimmons*, 29 id. 574; *Johnson* v. *City of Rochester*, 13 id. 285; *Sherry* v. *Perkins*, 17 N. E. Rep. 307; 147 Mass. 212; *Hogan* v. *Blindell*, 26 Fed. Rep. 696.) The fact that the strike is

ended and labor resumed since the temporary injunction was granted, is no ground for refusing to make the injunction permanent. The question as to the maintenance of the action and the granting of relief to the plaintiffs, is to be determined by the status at the time of the commencement of the action. (*U. S.* v. *Workingmen's Amalgamated Council of New Orleans,* 54 Fed. Rep. 994.) The judgment and order appealed from should be reversed and final judgment for plaintiffs, with costs, rendered by the Court of Appeals. (Code Civ. Pro. § 1317; *Foote* v. *Æ. L. Ins. Co.,* 61 N. Y. 578; *Guernsey* v. *Miller,* 80 id. 181; *Edmonston* v. *McLoud,* 16 id. 543; *Purchase* v. *Matteson,* 25 id. 213; *Griffin* v. *Marquardt,* 17 id. 33.)

*Tracy C. Becker* and *George B. Curtiss* for respondents. Whatever may be the rule in other states or at common law, it is now settled by statutory enactment and numerous adjudicated cases that a combination and co-operation between laborers for the purpose of obtaining an advance in the rate of their wages, which does not require or involve the use of fraudulent, forcible or violent means, including therein threats or intimidations, is not illegal. (*M. S. Assn.* v. *Walsh,* 2 Daly, 3–5; *Thomas* v. *M. P. Union,* 17 N. Y. S. R. 52, 53; 121 N. Y. 45; *People ex rel.* v. *Smith,* 10 N. Y. S. R. 730; *People ex rel.* v. *Walsh,* 15 id. 70; *O. D. S. Co.* v. *McKenna,* 18 Abb. [N. C.] 262; Laws of 1880, chap. 19, p. 30; Penal Code, §§ 168, 170; *Strasser* v. *Monelis,* 23 J. & S. 198; *People* v. *Fisher,* 50 Hun, 552; *Wilzig's Case,* 4 N. Y. C. L. Rep. 403; *Kostka's Case,* Id. 429; *People* v. *Hughes,* 137 N. Y. 29; *People* v. *Barondess,* 133 id. 649.) Equity will not interfere although an action at law may still lie for enticing away another's servant. (*Haight* v. *Bagley,* 15 Barb. 499; *Smith* v. *Lyke,* 13 Hun, 204; *Barnes* v. *Allen,* 1 Keyes, 390.) Plaintiffs are in no position to ask the aid of a court of equity against the defendants' alleged combination and confederation. (*Hilton* v. *Eckersley,* 6 E. & B. 647; *Manuels' Case,* 6 City Hall Recorder, 33; *Murray* v. *McGar-*

*igle,* 69 Wis. 433; Greenh. on Pub. Pol. 651; *People* v. *N. A. S. R. Co.,* 121 N. Y. 582; *People* v. *Sheldon,* 139 id. 251; *Hennessey* v. *Wheeler,* 69 id. 672; *Wolfe* v. *Burk,* 56 id. 122; *C. C. Co.* v. *U. P. C. Co.,* 56 id. 115, 120; *Hazzard* v. *Caswell,* 93 id. 159.) The plaintiffs should be remitted to their remedy by indictment or action at law, on the ground that public policy requires it, and the strike having ended at the time of the trial, the exercise of its discretion by the trial court in dismissing the complaint will not be reviewed on appeal. (*Thomas* v. *M. M. P. U.,* 121 N. Y. 45, 51, 52; *Anderson* v. *Doty,* 33 Hun, 160.)

GRAY, J. It is our opinion that, under the state of facts as they were found to be at the time of the trial, the refusal of the prayer for the permanent injunction was a discretionary matter. The only relief demanded was that of a perpetual injunction and there was neither a finding, nor a request to find, or to award, damages. The finding of the trial justice was, and it appeared upon the trial as an uncontroverted fact, that the so-called " strike " began on a certain day and was then over and there no longer existed that condition of things, in which the complainants had sought the aid of a court of equity. The facts established at the trial did not entitle the plaintiffs as of strict right to the remedy of a final injunction; for there was no imminent peril to their rights apparent; whatever the injury from the acts in the past. . The refusal to grant the relief prayed for could rest upon the general view taken of the merits of the case; or it could rest upon the cessation of the acts complained of. The trial judge decided upon the merits and the General Term justices have declined to overrule the discretion used by the court at Special Term. Whether the reasons assigned by the trial justice be deemed to be correct, or not, the refusal to adjudge the equitable relief was a matter which rested with the court of original jurisdiction, acting upon all the facts as established at the time of the hearing. The plaintiffs could not be said to have been refused any protection, required by the facts of the case. The mere

apprehension of some future acts of a wrongful nature, which might be injurious to the plaintiffs, was not a sufficient basis for insisting upon the preventive remedy of a final injunction. Such a remedy becomes a necessity only when it is perfectly clear upon the facts that, unless granted, the complainant may be irreparably injured and that he can have no adequate remedy at law for the mischief occasioned.

How can it be asserted, in the present case, that there was any such necessity? There were absent the elements of intimidation; or, as the trial judge observed, of such circumstances surrounding the acts of persuasion and entreaty as would characterize them as intimidation. The discretionary exercise of the court's authority, in dismissing the complaint, could very well rest upon the failure to make out a case sufficiently strong to move the court to exercise its extraordinary equitable powers and be, in addition, justified by the discontinuance of the acts complained of. With this proper exercise of the discretion, with which the court below was invested, this court will not interfere.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.