SPENGLER, Appellant, vs. HAHN and others, Respondents.

*February 24 — March 16, 1897.*

*Judgment in forelosure: Costs.*

1. Our statute (sec. 3162, R. S.) requiring that a judgment for the plaintiff in an action to foreclose a mortgage shall fix the amount due and "adjudge that the mortgaged premises be sold for the payment" thereof, is mandatory, and leaves to the court no discretion to enter a judgment in the alternative form.

2. That statute does not, in terms, give costs to the prevailing party, but it leaves the matter to be regulated by sec. 2918, R. S., which provides that "in all equitable actions costs may be allowed or not to any party, in the discretion of the court." The word "costs" so used includes solicitor's fees stipulated in a mortgage.

3. This discretion as to costs should not be exercised arbitrarily, but the long-established rule that the prevailing party is entitled to full costs should prevail, unless the ends of justice require a departure therefrom.

APPEAL from a judgment of the circuit court for Shawano county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action to reform a mortgage by correcting a description therein in a material particular, and to foreclose the same and a second mortgage as well. Both mortgages were given by defendant *Augusta Hahn* to Alfred T. Hammond, and were assigned by him to the plaintiff before the commencement of the action. Defendant *Matt Wagner* answered, among other things, that *Augusta Hahn,* after the giving of the mortgages, sold the property to defendant *Peter Ketter,* who procured plaintiff to furnish the money to take up the two mortgages, with the understanding that she should charge but seven per cent. interest upon the note secured by the mortgages until they were paid, instead of eight per cent., as provided in such notes; that thereafter defendant *Peter Ketter* sold the property to defendant *Matt Wagner,* under an agreement whereby the amount due upon the mortgages was to be paid out of the purchase money;

that, for the purpose of determining what amount should be reserved for that purpose, defendant *Ketter* procured a statement from the plaintiff, in which interest was figured at seven per cent. per annum, and the total amount claimed being $413.43; that such statement was delivered to said *Wagner*, and that he relied upon the same, and retained that sum only, out of the purchase money, to apply upon such mortgages; that his vendee, *Ketter*, is insolvent; that, before the commencement of the action, said *Wagner* tendered the full amount due to the plaintiff, upon condition that she should deliver to him proper assignments of the mortgages and satisfactions thereof; that she refused to take less than eight per cent. interest, notwithstanding she had theretofore furnished the statement upon which defendant relied, computing the interest at seven per cent. Some other allegations were included in the answer, going to show that plaintiff was not equitably entitled to costs.

The trial court found the facts as alleged in the complaint, except that on the 6th day of May, 1895, the amount due was as claimed by defendant *Matt Wagner*.

The court further found facts to the effect that the reason why the mortgages were not satisfied before the commencement of the action was that plaintiff refused to pay the expenses of recording the assignments of the mortgages, and to deliver the satisfactions thereof, unless defendants would pay seventy-five cents, expenses for such recording and satisfactions, which they refused to do; that defendant *Matt Wagner* offered to pay the amount due on the mortgages, but did not actually tender the same; that the difference between the parties which led to the foreclosure was that *Wagner*, in good faith believing that it was his right so to do, insisted on plaintiff's recording the assignments, at her own expense, and furnishing satisfactions of the mortgages; and that, when the action was brought, plaintiff insisted upon a greater rate of interest than she was entitled to.

From such facts, the court concluded, as a matter of law, that plaintiff was entitled to a judgment foreclosing the mortgages described in the complaint, and for costs and disbursements of the action, unless defendants *Matt Wagner* or *Fred Wagner* paid into court, within ten days after notice of the filing of the findings, $400 principal and $44.36 interest, with interest on $400 from the 27th day of April, 1896, at the rate of eight per cent. per annum up to the time of such payment; and, if such payment were made within the time limited therefor, then that the action should be dismissed, without cost to either party; but, in case such payment were not made within such time, then that plaintiff might apply for judgment foreclosing the mortgages according to the prayer of the complaint. The money was paid into court in accordance with such conclusion, and thereupon judgment was entered dismissing the complaint, without costs, and plaintiff appealed.

The cause was submitted for the appellant on the briefs of *Goodrick & Goodrick*, and for the respondents on that of *M. J. Wallrich*, attorney, and *Geo. C. Dickenson*, of counsel.

MARSHALL, J. Numerous exceptions to the findings of fact and conclusions of law were duly filed, but a detailed discussion of the same is unnecessary. An examination of the record fails to disclose any error in the findings of fact excepted to, but the conclusion of law respecting the proper judgment to be entered was manifestly made in disregard of the statute, which declares in mandatory language what relief shall be granted in such cases. The language of sec. 3162, R. S., is: " In all such actions, if the plaintiff shall recover, the judgment shall fix the amount of the mortgage debt then due, . . . and shall adjudge that the mortgaged premises be sold for the payment of the amount adjudged to be then due, . . . or so much thereof as may be sufficient to pay such amount for principal, interest and

costs, including costs of sale, and when demanded in the complaint, an order directing that judgment be rendered for any deficiency against the parties personally liable therefor." Such statute is exclusive. It leaves nothing whatever to judicial discretion or the exercise of the general equity powers of the court, except to determine the amount of costs which the prevailing party may recover. It does not, in terms, say that the prevailing party shall recover costs. That is left as regulated by sec. 2918, which provides that, " in all equitable actions, costs may be allowed or not to any party, in the discretion of the court." *Jones v. Jones*, 71 Wis. 513; *Portz v. Schantz*, 70 Wis. 497. The word "costs," so used, includes solicitor's fees stipulated in the mortgage to be paid in addition to taxable costs. *Reed v. Catlin*, 49 Wis. 686. Such discretion, however, is not to be exercised arbitrarily, or to suit the caprice of the presiding judge, but is governed by some rules which have become well established by long-settled practice, among which is that *prima facie* the prevailing party is entitled to full costs. Such rule should not be departed from without some special circumstance existing reasonably sufficient to vary it, and requiring such departure to the end that justice may be done between the parties. 3 Wait, Prac. 472; 5 Ency. of Pl. & Pr. 185. While the exercise of judicial discretion in such cases necessarily must have a wide range, and not be called in question except for manifest abuse, in the foreclosure of a mortgage, where the parties have contracted for the allowance of solicitor's fees in addition to taxable costs, it requires a very strong case against such allowance, on equitable principles, to justify a total denial of costs and solicitor's fees as well. It sufficiently appears that the question of what costs should be allowed here was not determined by the trial court in respect to the entry of a proper judgment as required by law; hence, with the foregoing observations on the subject, that may be considered an open question, to be

determined by further proceedings in accordance with this opinion.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for further proceedings in accordance with this opinion.