INGLES, Respondent, vs. MERRIMAN, Appellant.
INGLES, Appellant, vs. MERRIMAN, Respondent.

*May 6 — May 21, 1897.*

*Equity: Correction of errors in conveyances of land: Tax titles: Costs.*

1. The owner of a block in a village sold lots 1, 2, 7, and 8, and the north half of lots 3 and 6, but by mistake the conveyance described the

premises, with reference to a wrongly numbered copy of the plat, as lots 1, 2, 3, and 8, and the north half of lots 4 and 7. Subsequently he sold the remainder of the block to another purchaser, describing it as lots 5 and 6 and the south half of lots 4 and 7, instead of lots 4 and 5, and the south half of lots 3 and 6. The purchasers respectively went into possession of the premises supposed to have been purchased, and subsequently sold them, using the same descriptions as had been employed in their grantor's deed. *Held,* that a purchaser of the first tract who received his conveyance without knowledge of the mistake in the description might maintain an action in equity against a purchaser of the other tract, who took title with knowledge of such mistake, to compel the execution of the necessary conveyances to remedy the error.

2. The defendant in such case by purchasing a tax deed on the south half of lots 4 and 7, with knowledge of the error in the conveyances and tax proceedings, acquired no additional rights therein, even though such purchase was made before she received her conveyance of the fee.

3. Where the plaintiff in an action for the reformation of a deed recovered a judgment compelling an exchange of conveyances between the parties to correct the errors complained of, it was not an abuse of discretion to refuse costs to her because she had not tendered her deed before commencing the action.

APPEALS from a judgment of the circuit court for Waushara county: JOHN GOODLAND, Judge. *Affirmed.*

This is an action in equity to compel the defendant to convey to the plaintiff two half lots of land upon the plaintiff's conveying to the defendant two other half lots in the same block in the village of Plainfield, Wisconsin. The action was tried by the court, and the facts, as found by the court, were in substance as follows:

In 1857 one Betsy Waterman owned and platted what is known as the "First Addition of the Village of Plainfield," which addition contains sixteen blocks, one of which blocks was called "Block K." Said block contained eight lots, each eight rods long by four rods in width. This plat was duly recorded, and upon such recorded plat block K appeared, with the lots numbered as set forth in the following diagram:

Ingles vs. Merriman.

RECORDED PLAT, BLOCK K.
Chester Street.

At the same time a copy, or what was supposed to be a copy, of this plat, was made and kept by Mrs. Waterman, and from this copy deeds were drawn to those who subsequently purchased the lots in such addition. By a mistake of the draughtsman the lots were numbered differently in this copy, and appeared as shown in this diagram:

UNRECORDED PLAT, BLOCK K.
Chester Street.
N.

|  | N. |  |
|---|---|---|
| 2 | 1 |
| 3 | 8 |
| 4 | 7 |
| 5 | 6 |

West Street. W.    E. Main Street.

S.
Elizabeth Street.

In the year 1859, or about that time, Betsy Waterman sold and conveyed the north four lots and the north half of the next two lots of the block, but by mistake described the property so sold as lots 1, 2, 3, and 8, and the north half of lots 4 and 7. It will be seen that, according to the unrecorded plat, this was a correct description of the piece of land supposed to be conveyed, but, according to the recorded plat, was entirely incorrect. The purchasers of this land went into possession and occupation of the parcel of land which they supposed had been conveyed to them, and occupied the same down to the year 1894, when the plaintiff purchased the same and went into possession thereof; said erroneous description running through all of the various deeds, including the deed to the plaintiff. The remainder of the block (that is, the south two lots and the south half of the adjoining two lots) was deeded by Betsy Waterman in 1857 to other parties, who went into possession thereof. The same mistake was made in the deeds of these other parcels as was noted in the deeds in regard to the first parcel. The lots were named as set forth in the unrecorded plat, and not as set forth in the recorded plat.

The defendant, *Eva Merriman*, purchased the said south two lots in 1892, and the adjoining two half lots in 1894, knowing when she purchased that the descriptions were erroneous on account of being made according to the unrecorded plat; in other words, she had full knowledge of the mistake which had been made from the beginning in the description of the two parcels of land. Just prior to this purchase in 1894 she obtained a tax deed of the south half of lots 4 and 7, which she immediately placed upon record.

The court found as conclusions of law that the plaintiff was the owner of the north four lots and the north half of the next two lots of the block, and was entitled to have a conveyance from defendant of the north half of lot 6 and the south half of lot 7 in the recorded plat, and that the de-

fendant was the owner of the south two lots and the two half lots immediately adjoining them, and was entitled to a conveyance from the plaintiff of the south half of lot 3 and the north half of lot 4; further, that the tax deed conveyed no title to the defendant of any of the property owned by the plaintiff, and that no costs should be allowed to either party. From that part of the judgment requiring conveyances to be made the defendant appealed, and from that part of the judgment refusing costs to the plaintiff the plaintiff appealed.

For the plaintiff the cause was submitted on the brief of *Cate, Sanborn, Lamoreux & Park.*

*S. A. Corning,* for the defendant.

WINSLOW, J. No exceptions to the findings of fact or conclusions of law were preserved in the bill of exceptions; hence the only question before us is whether the pleadings and findings sustain the judgment. *Wille v. Bartz,* 88 Wis. 424.

This seems a very appropriate case for the exercise of the remedial powers of a court of equity. In effect, it is an action for the reformation of deeds. The plaintiff purchased her land in August, 1894. Both she and her grantors purchased and took possession of a certain tract of land, ten rods by sixteen rods, on the north end of the block, which they supposed was correctly described in their deeds. In fact, it was correctly described according to the unrecorded plat, which was used in making the various conveyances, but incorrectly described according to the recorded plat which must govern. The same state of facts existed with reference to the deeds and the purchase and possession of the grantors of the defendant. They bought and occupied the balance of the block on the south under a description correct according to the unrecorded plat, and incorrect according to the recorded plat. The defendant purchased knowing

of the mistake in the descriptions, and of the extent of the occupation of the various grantors. To say that the defendant can now claim and hold the lands included within the calls of her deed according to the recorded plat, when she knew as matter of fact, at the time of her purchase, that such calls referred to the unrecorded plat, would be to allow justice to miscarry most grievously. The circuit court rightly held that a court of equity would set right the errors and compel the execution of the necessary conveyances to accomplish that result. Courts will correct and reform descriptions in deeds not only where the mistake consists of the insertion or omission of words, but also where the parties understood the language of the deed, and believed it corresponded with the actual boundaries of the land, but were mistaken. *Bush v. Hicks*, 60 N. Y. 298. And such errors may be corrected as between subsequent grantees with notice as well as between the original parties. *May v. Adams*, 58 Vt. 74; *Warburton v. Lauman*, 2 G. Greene, 420.

The tax deed covering the south half of lot 4, which the defendant bought in 1894, just before she purchased the south half of lots 4 and 7, plainly does not help her, because she then knew of the errors in the numbering of the lots, both in the conveyances and in the tax proceedings, and under these circumstances her purchase of the certificates would amount simply to payment of her own taxes.

Upon the defendant's appeal the judgment must be affirmed.

The plaintiff appeals because costs were not allowed her. The allowance of costs was within the discretion of the trial court. This discretion is a legal discretion. R. S. sec. 2918. Costs are not to be refused to the prevailing party in the absence of special circumstances reasonably sufficient to require a departure from the ordinary rule. *Spengler v. Hahn*, 95 Wis. 472. We suppose costs were refused here because the plaintiff did not tender her deed before action com-

menced, but waited until the trial of the action. The rule is well known that in equitable actions, where a tender of money is essential, if the plaintiff makes no tender before action brought it will generally defeat his right to recover costs. The cases are analogous, and we cannot say that there was an abuse of discretion in refusing the plaintiff costs.

*By the Court.*— Judgment affirmed on both appeals.