CLANCY, Appellant, vs. GEB and others, Respondents.

*September 13—December 12, 1905.*

*Injunction: Ground therefor ceasing to exist before trial: Dismissal of action: Costs.*

1. Although a good cause of action for an injunction existed when the action was commenced and a temporary injunction granted, yet if it appears at the trial that the threatened injury is no longer to be apprehended the trial court may, in its discretion, refuse to grant a perpetual injunction and may dismiss the complaint.

2. Where in such a case defendants joined issue upon the cause of action alleged and defended against the same to the end of the trial, and the court finds that they were guilty of the alleged wrongs when the action was commenced, a dismissal of the action should be with costs in favor of the plaintiff.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

Plaintiff was engaged in the business of selling coal and wood at wholesale and retail in the city of Racine, and from time to time received shipments of coal in boat loads, which he was compelled to unload; this work being done by men in his employ. The complaint stated that at the time of bringing the action the plaintiff was receiving such shipments in lots of from 850 to 6,000 tons, and that there were then at his docks two boat loads, one of 1,600 tons and one of 2,700

tons, which it was necessary to unload immediately to save the expense and cost of demurrage; that plaintiff had a gang of men in his employ unloading coal, and that they would be so engaged during the season of navigation; and that it was necessary to a proper and efficient conduct of his business that they be uninterrupted by the defendants. The individual defendants are alleged to be members of the International Longshoremen's & Marine Transportation Workers' Association. These defendants are alleged to have conspired together for the purpose of wrongfully interfering with plaintiff's conduct and control of his business, by hindering and preventing his securing the help necessary to prosecute it, particularly by compelling him to hire certain persons and to discharge others. against his will; and it is alleged that the defendants have, by show of force and threats and acts of personal violence, intimidated and frightened the employees of plaintiff, so that he is liable to be deprived of their services. It is further alleged that defendants purpose to continue to harass and annoy plaintiff and his employees, and to create greater disturbances and more trouble, in order to cause plaintiff to discontinue his business. Defendants are alleged to be without means and property sufficient to compensate plaintiff in damages for the loss likely to be caused, and plaintiff therefore demands judgment that during the pendency of the action and forever after the defendants be restrained and enjoined from obstructing and interfering with the plaintiff in the conduct and control of his business, and from intimidating or forcing persons to quit his service, or from preventing them from entering the service of plaintiff, and from collecting in and about the approaches to plaintiff's docks for picketing, patroling, and guarding such approaches and the grounds and buildings for the purpose of intimidating plaintiff's employees, and that they be enjoined from going to the homes of plaintiff's employees for the purpose of intimidating or coercing them to leave his employment or from entering his service.

The temporary injunction asked for was issued, to be effective during the pendency of the action, and the acts complained of were discontinued. The action was begun July 25, 1904, and on that day the temporary injunction was issued. The action was tried January 5, 1905, after the strike had ended, and resulted in findings to the effect that at the time the temporary injunction had been applied for a good cause existed for granting it, that it had been applied for in good faith, but that no cause existed for granting a perpetual injunction. Judgment was awarded denying the perpetual injunction, dismissing the action, and granting the defendants their costs against plaintiff. This is an appeal from this judgment.

For the appellant there was a brief by *Palmer & Gittings,* attorneys, and *M. E. Walker,* of counsel, and oral argument by *Mr. Walker* and *W. C. Palmer.*

For the respondents there was a brief by *Thompson & Harvey,* and oral argument by *Fulton Thompson.*

The following opinion was filed October 3, 1905:

SIEBECKER, J. From the facts as found by the trial court it is apparent that the ground for a perpetual injunction against defendants had ceased to exist at the time of the trial, though a good cause of action existed for temporarily enjoining defendants at the time the action was commenced. The only relief sought in the action was preventive, namely, to enjoin defendants from injuring plaintiff in his business. Under such circumstances the court is justified in refusing to grant the relief of a perpetual injunction and in dismissing the complaint. This practice is sustained when the facts show that there is no imminent peril to the rights of a complainant at the time of trial, though such peril may have existed when the action was commenced. The remedy by injunction is deemed "a necessity only when it is perfectly clear from the facts that, unless granted, the complainant may be

irreparably injured, and that he can have no adequate remedy at law for the mischief occasioned." It is manifest from the evidence that the strike had ended and that the defendants had abandoned their original purpose of injuring plaintiff in his business. No grounds for apprehending that they were liable to commit any future acts to his injury were left. Under these circumstances the trial court, in its discretion, was warranted in refusing to make the injunction perpetual. We find no grounds for holding that it abused this discretion. *Reynolds v. Everett,* 144 N. Y. 189, 39 N. E. 72; 16 Am. & Eng. Ency. of Law (2d ed.) 344; *Wiswell v. First Cong. Church,* 14 Ohio St. 31.

The court, however, awarded judgment of dismissal of the action and for costs against the plaintiff. The record shows that defendants joined issue upon the cause of action alleged against them for an injunction. This position they maintained to the end of the trial. The court found that they were guilty of the wrongs alleged against them by the plaintiff when the action was commenced, and that the suit was in its origin properly brought for preventive relief by injunction, but that the protection of plaintiff's rights had been fully accomplished by the interlocutory remedy of a temporary injunction, and that no grounds existed for apprehending further injury to plaintiff's rights. Since the trial resulted in sustaining his cause of action for preventive relief to the extent indicated, the plaintiff was justified in prosecuting the action to a final termination, and was entitled to the usual favorable consideration of a prevailing party on the question of costs. We find nothing in the case that negatives the justness of plaintiff's claim to his costs, and they should in equity be awarded him. *Spengler v. Hahn,* 95 Wis. 472, 70 N. W. 466; *Menz v. Beebe,* 102 Wis. 342, 78 N. W. 601; *Mowry v. First Nat. Bank,* 66 Wis. 539, 29 N. W. 559; *Avery v. Wilson* (C. C.) 20 Fed. 856; 11 Cyc. 32, subd. B; *Noland v. Pope,* 7 J. J. Marsh. (Ky.) 137. Upon the findings the court

in its discretion properly refused to make the injunction per-
petual, but erred in granting judgment dismissing the action
and awarding costs to the defendants. It should have de-
creed that plaintiff have judgment for costs against defend-
ants, and denied further relief as unnecessary.

*By the Court.*—Judgment reversed, and the cause re-
manded with directions to enter judgment in favor of plaint-
iff in accordance with this opinion.

Upon a motion by the appellant for a rehearing there was
a brief in his behalf by *Palmer & Gillings,* attorneys, and
*M. E. Walker, Thomas M. Kearney,* and *John B. Simmons,*
of counsel. They contended, *inter alia,* that whether or not a
plaintiff, either at law or in equity, is entitled to the relief de-
manded must be determined by the status of the parties at the
time of the institution of the suit. The only exception to the
foregoing rule arises in cases where the party seeking relief
voluntarily changes his status after suit brought and before
judgment. *U. S. v. Workingmen's A. C.* 54 Fed. 994. The
most valuable and dependable test for determining whether a
temporary restraining order should be made, is whether, con-
ceding the truth of all that is alleged in the bill, the plaintiff
is entitled to have the acts complained of perpetually enjoined.
*Corning v. Troy I. & N. F.* 6 How. Pr. 89; *Gentil v. Arnand,*
38 How. Pr. 94; *International T. C. Co. v. Mills,* 22 Fed.
659; *Foley v. Guarantee T. & S.-D. Co.* 74 Fed. 759; *Hamil-
ton v. Wood,* 55 Minn. 482. If a defendant may persistently
invade the right of a plaintiff and, after suit brought, prevent
the injured party from obtaining permanent relief by obeying
a temporary restraining order, it would be possible to defeat
a recovery in every case in which a permanent injunction is
sought. The true rule is that where, as here, the court has
acquired jurisdiction of the action, a defendant cannot, by
removing the cause of complaint or discontinuing the act
or course of conduct complained of, deprive the plaintiff of

the relief to which he was entitled at the date of the filing of the bill. 2 Spelling, Inj. & Extr. Rem. § 1028; *Roberts v. Louisville,* 92 Ky. 95, 17 S. W. 216; *Duff v. Russell,* 14 N. Y. Supp. 134; *Pacific Mut. Tel. Co. v. C. & A. B. Co.* 36 Kan. 118, 12 Pac. 560.

For the respondent it was argued, among other things, that plaintiff may be entitled to a temporary injunction although his right to permanent relief may ultimately fail. High, Injunctions (4th ed.) § 5; *Great Western R. Co. v. Birmingham & O. J. R. Co.* 2 Phil. (Eng. Ch.) 597; 16 Am. & Eng. Ency. of Law (2d ed.) 345. The fact that a temporary injunction was properly granted does not of itself prove that a permanent injunction would have been granted.

The motion was denied December 12, 1905.

WINSLOW, J., took no part.