# CASES DETERMINED

## August Term, 1894.

TURNER, Appellant, vs. SCHEIBER and others, Respondents.

*October 23 — December 11, 1894.*

*Wills: Devise of homestead: Provision for widow in lieu of dower: Election: Sale of lands by executor: Limitation of action for recovery: Taxation of costs.*

1. Under the law as it existed in 1864 (Laws of 1864, ch. 270, sec. 1) the owner of a homestead might dispose of it by will, and a devise thereof might be charged with conditions such as the payment of legacies or debts. And such seems also to be the law now.

2. A condition, attached to a devise of land in trust, that the devisee should give a sufficient bond for the support of the testator's widow during her life, followed by acceptance and the filing of such bond and performance of its conditions, was a provision made for the widow, under sec. 18, ch. 89, R. S. 1858, which deprived her of dower unless she commenced proceedings for the assignment of her dower within a year after the probate of the will, as provided by sec. 19 of said chapter.

3. Land devised in trust subject to the payment of debts was sold by the executor for the purpose of paying the debts, and the purchaser continued in possession, claiming under the executor's deed, from 1866 to 1891. The *cestui que trust* came of age in 1882, but failed to bring any action for the land within five years thereafter. *Held*, that his rights, if he had any, were barred by the limitations prescribed in secs. 3918, 4215, 4218, R. S.

4. A motion to review the taxation of costs by the clerk, which fails to point out in what respect the moving party is aggrieved, is insufficient and brings nothing before the court.

APPEAL from a judgment of the circuit court for Ozaukee county: A. SCOTT SLOAN, Circuit Judge. *Affirmed.*

Turner vs. Scheiber and others.

Action of ejectment tried by the court. The lands in controversy are situated in Ozaukee county. The common source of title was William H. Cole, who died seised and possessed of the lands in controversy as his homestead, in August, 1864, leaving a will which was thereafter duly probated. This will, in substance, gave and bequeathed to Converse L. Dickerman (who was the husband of testator's daughter) in trust for the eldest male issue of said Dickerman and wife, or, in default of male issue, their eldest female issue, all of the real and personal estate of the testator, "after paying all just debts, funeral expenses, and expenses of probate," subject to the following bequests: (1) The said Dickerman should execute a sufficient bond to the county judge of Ozaukee county, conditioned for the suitable support and maintenance of Frances Cole (testator's wife) during life; said support and maintenance to be in lieu of right of dower in testator's real and personal estate. (2) To pay the sum of $20 to each of three daughters of the testator. The will also appointed Dickerman executor, to execute the above devise. The widow never filed any notice of election not to abide by the provisions of the will, and never commenced any proceedings for the assignment of dower. The testator left no real estate, except said homestead, and his personal estate amounted to but $90.

Dickerman qualified as executor by filing a bond, with sureties approved by the county judge, October 6, 1864. This bond, as printed in respondents' brief, and not denied on the argument, contained the usual conditions of an executor's bond, and additional conditions to the effect that said Dickerman should support and maintain Frances Cole during life at his own expense, and pay the three money legacies named in the will, and pay all lawful debts and demands against the estate within the time limited by the court, and perform all and every provision of the will according to its true intent and meaning. Upon the approval of this bond letters testamentary issued to Dickerman.

In March, 1865, the executor filed a petition in the county court, stating that the personal estate of the deceased amounted to only $90, which had been expended in paying debts of the deceased and administration expenses, and that the unpaid debts and bequests amounted to about $100, and praying for license to sell the real estate in controversy for the payment of said debts. It appears that after due notice the executor was duly licensed to sell the real estate in question, and thereafter gave bond, took the oath, and gave notice of sale substantially as required by law, and sold the same April 20, 1865, for $900, to one August Kloety, which sale was confirmed by the court, and an executor's deed was duly executed and delivered to Kloety, who took possession of the premises in 1866. Kloety kept possession of the premises, claiming title under his deed adversely to all the world, until October, 1891, when his title was divested, and the title vested in his wife, the defendant *Aline Freeman* (*Kloety*), by the judgment in an action of divorce brought by her. The defendant *Scheiber* obtained title to an undivided one-half of the premises in November, 1891, by deed from the defendant *Aline Freeman*. Thus the title of Kloety passed to the defendants *Freeman* and *Scheiber*, and they retained possession, claiming title, to the present time, the defendant *Oberheu* being their tenant in immediate possession.

These facts, which were substantially established without dispute, constitute the defendants' title, and they were found by the court to constitute a good title.

The plaintiff's claim of title rested on the following facts, which were also undisputed: The eldest male issue of Converse L. Dickerman and his wife is Harry Dickerman, who was born in December, 1861, and is still living, being nearly thirty-two years of age when this action was commenced. Frances Cole, widow of William H. Cole, is still living. On the 26th day of April, 1893, she executed a deed of the

premises to Harry Dickerman, her grandson, and on the 8th of May, 1893, Harry Dickerman deeded the same to the plaintiff.

It is unnecessary to state the pleadings at length. The plaintiff, to establish his title, relied on the deed from the widow of Cole and the deed from Harry Dickerman, who was the *cestui que trust* under the will of Cole. The defendants relied on the executor's deed, and pleaded adverse possession thereunder, and claimed the benefit of the various statutes of limitation, viz. secs. 3918, 4207, 4214, 4215, R. S. The circuit judge, after finding the facts, found, as conclusions of law, that (1) after one year from her husband's death Frances Cole had no interest in the land; (2) that Kloety obtained a good title under the executor's deed; (3) that the action was barred by the statutes of limitation above referred to. From judgment for the defendants, plaintiff appeals.

For the appellant there was a brief by *G. W. Foster* and a supplemental brief by *E. S. Turner*, and the cause was argued orally by *Mr. Foster*.

For the respondents *Aline Freeman* and *Frederick Scheiber* there was a brief by *Sylvester & Scheiber*, and oral argument by *F. Scheiber*.

WINSLOW, J. The plaintiff's first contention is that under the law as it existed at the time of Cole's death in 1864 the homestead could not be devised so as to affect the widow's right. This contention cannot be maintained. The homestead was a part of the husband's real property, and could be treated by him as his own property, except as his rights of disposal were taken away by statute. The law had not, in 1864, attempted to prevent the husband from devising his homestead by will. On the contrary, ch. 270, Laws of 1864, which then governed the disposition of homesteads after the death of the owner, expressly recognizes and affirms the

right of the owner of a homestead to dispose of it by will. Sec. 1 of that act says, " Any homestead which shall have been heretofore disposed of by the last will and testament of the owner thereof, or which shall hereafter be disposed of by the last will and testament of the owner thereof, shall descend to the legatee or legatees in said will named," etc. Such seems also to be the law now. *Will of Root*, 81 Wis. 263–268; R. S. secs. 2271, 2277, 2280. If the homestead may be devised, such devise may unquestionably be charged with conditions such as the payment of legacies or debts. Such conditions or charges plainly do not conflict with the provision that the homestead shall pass to the devisee free from claims against the testator. The power to charge it with conditions is a necessary part of the power to devise. Whether legislation is not needed to more effectually preserve the rights of the widow and children in the homestead is a question properly for the legislature and not for us.

But it is said that the dower interest, at least, of Frances Cole in the land has not been been cut off. Neither is this contention tenable. We regard the condition attached to the devise in trust, that the devisee shall give a sufficient bond for the support of the widow during her life, when followed by acceptance and filing of such bond as in this case, and also, as appears by strong inference at least, by performance of the conditions of the bond, as a provision made for the widow under sec. 18, ch. 89, R. S. 1858, which deprived her of dower unless she commenced proceedings for the assignment of her dower within a year after the probate of the will, as provided by sec. 19 of said ch. 89. She commenced no such proceedings. Therefore, she must be held to have elected to accept the provision made by the will. The conclusion from these considerations is that the widow had no estate in the lands, either by way of homestead or dower, after a year had elapsed after the probate of the will.

As to Harry Dickerman there seems to be no escape from the conclusion that his rights, if he had any, are effectually barred by several statutes of limitation. He became of age in 1882, and at that time the land was adversely occupied by the defendants' grantors, claiming under the executor's deed. He had five years after coming of age in which to bring his action, and, not having done so, is barred under sec. 3918, R. S. He seems also to be barred under the general statute of limitations. Secs. 4215, 4218, R. S.

Objections were made by plaintiff to the taxation of nearly all items of the bills of costs. On a motion to review the taxation, the decision of the clerk was affirmed. The motion to review failed to point out in what respect the plaintiff was aggrieved by the action of the clerk, as required by Circuit Court Rule XXXIII. The motion, therefore, was insufficient and brought nothing before the court.

*By the Court.*— Judgment affirmed.