THE STATE EX REL. GORDON, Appellant, vs. McNAY and others, imp., Respondents.

*March 9 — April 3, 1895.*

*Ditches and drains: Police power:* Mandamus *to compel town officers to act: Costs.*

The laying out of ditches under ch. 54, R. S., being an exercise of the police power, town officers in acting upon a petition for such a ditch do not act on behalf of the town, and the town is not liable for costs in a proceeding by *mandamus* to compel them to act.

APPEAL from an order of the circuit court for Pepin county : E. B. BUNDY, Circuit Judge. *Reversed.*

*Mandamus.* The defendants *McNay, Ingram,* and *Rand* were the supervisors of the town of Waubeek, Pepin county, in February, 1893; and their codefendants, Hoffman and two others, were at the same time supervisors of the adjoining town of Waterville in said county. On February 21, 1893, a petition, under the provisions of sec. 1365, S. & B. Ann. Stats., was presented in duplicate to the supervisors of both towns, praying for the laying out of a ditch, partly in each of said towns, for the drainage of overflowed lands in the town of Waubeek. No action was taken on this petition, although the same was sufficient in form and substance, whereupon the relator, *Gordon,* who was one of the petitioners, commenced this action by suing out an alternative writ of *mandamus,* directed to the supervisors of both towns, and returnable April 17, 1893.

The relation and writ were served on all the defendants early in April, and on the 4th day of April an entirely new board of supervisors was elected in each of said towns. The respondents, *McNay, Ingram,* and *Rand,* never made return to the writ. Upon the return day of the writ the newly-elected supervisors of the town of Waterville made a return admitting the allegations of the petition, and setting forth the fact of their election and qualification as supervisors on

the 4th of April, and that on said last-named date they acted
on the petition, in conjunction with the respondents, and
fixed the 6th of June as the day upon which they would
meet and consider the petition. They also alleged that they
had at all times been ready and willing to act upon the peti-
tion, but that the respondents had at all times refused to act
thereon, until required so to do by the writ. Upon the fil-
ing of this return a further return was ordered by the court
to be made by the supervisors of both towns, showing fully
their execution of the writ, which return was directed to
be made on the 16th day of October, 1893. This order was
served on the newly-elected supervisors of both towns April
25, 1893; and upon the return day a return was made by
the supervisors of both towns showing that they had duly
acted on the petition in July, 1893, and had decided not to
lay the drain. Upon the filing of this return a judgment
was rendered, reciting the proceedings had and finding, in
effect, that the requirements of the law and of the writ had
been fully complied with, and that the default in refusing
to act upon the petition was the default of the respondents,
*McNay, Ingram,* and *Rand,* and adjudging that the relator
recover his costs of said last-named respondents.

At the December, 1893, term of the circuit court of Pierce
county,— being a special term for Pepin county,— the re-
spondents, *McNay, Ingram,* and *Rand,* made a motion to
vacate the personal judgment for costs so rendered against
them, which motion was based on affidavits tending to ex-
cuse their failure to act on the original petition. Upon the
hearing of this petition an order was made that the said
judgment be amended by inserting after the names of the
respondents "the words, 'as supervisors of the town of
Waubeek;' it being the intention of this order to make
such judgment payable by the town of Waubeek, and not
by such supervisors personally." From this order the re-
lator appealed.

*Wm. E. Plummer*, for the appellant.

For the respondents there was a brief signed by *C. M. Hilliard*, of counsel, and *Ingram & Kirk*, attorneys, and oral argument by *Mr. Hilliard.*

WINSLOW, J.   The circuit judge states in his opinion that the modification of the judgment was made " so as to make it clear that the judgment is against them [the supervisors] in their official capacity only; thus making the town liable, and not the defendants personally."   It is plain that if the supervisors in acting upon a petition for laying out a ditch under sec. 1365, S. & B. Ann. Stats., act for and on behalf of the town, then the town is liable for their acts done in good faith.   If, on the other hand, the supervisors act simply as governmental officers charged with the execution of a police power, then the town cannot be held liable for their acts.   That the laying out of ditches under ch. 54, R. S., is the exercise of a police power, is settled in this state.   *Donnelly v. Decker,* 58 Wis. 461.   That a municipality is not responsible for the acts of its officers while engaged in the exercise of a police power, is equally well settled.   *Williams v. Yorkville,* 59 Wis. 119, opinion of LYON, J., and cases cited therein.   It follows that it was error to modify the judgment as was done by the court.

*By the Court.*— Order reversed.