Clausen vs. Hale.

CLAUSEN, Appellant, vs. HALE, Assignee, Respondent.

*April 7 — April 30, 1897.*

*Appeal: Preponderance of evidence.*

Findings of the trial court cannot be disturbed unless they are clearly against the preponderance of the evidence.

APPEAL from an order of the circuit court for Kenosha county: FRANK M. FISH, Circuit Judge. *Affirmed.*

This is a claim against an insolvent estate. For many years prior to August 26, 1895, Dan Head & Co., a banking corporation organized under the laws of this state, carried on a general banking business at Kenosha, one Urban J. Lewis being the cashier of said bank. On said 26th day of August the said bank made a voluntary assignment of all its property, for the benefit of its creditors, to defendant, *Hale,*

who qualified and entered upon the duties of his trust. Within the proper time the claimant, *Clausen*, filed his claim with the assignee against said estate, in the sum of $1,000, for money loaned. The assignee filed objections to said claim; claiming, in effect, that the $1,000 alleged to have been loaned by *Clausen* to the bank was in fact loaned to Urban J. Lewis personally, and not to the bank. The action was tried by the court. Prior to the trial of the action the cashier, Lewis, died, and his testimony was consequently never taken.

From the evidence upon the trial it appeared that for some time prior to August 8, 1894, *Clausen* had more than $1,100 on deposit upon open account in said bank, but upon said 8th day of August, 1894, he signed and delivered to Lewis a check, prepared by the latter at the counter of the bank, for $1,000, in words and figures as follows:

"Kenosha, Wis., 8–8, 1894.   No. 60

"Dan Head & Co., Bankers:

"Pay to the order of

"Loan .·..................................·..................$1,000.00

"One Thousand ..........................................Dollars.

"JOHN CLAUSEN."

Mr. Lewis being dead, no testimony was permitted as to the conversation which the claimant then had with him at the time of the giving of the check. Lewis, the cashier, also wrote upon the stub of the check the following words and figures:

"No. 60.    |    Order Loan
Aug. 8.    |    for Bk."

The claimant took no other evidence of indebtedness. Upon the books of the bank, and upon the bank book of the claimant, this check for $1,000 was charged against the claimant. Upon the 1st day of February, 1895, the claimant was credited upon his bank book, "Int. to Feb. 1st, 1895, $30.00." Upon July 1, 1895, he was also credited, "Int., Feb. to July 1st, 1895, $25.00." On the 2d day of Septem-

Clausen vs. Hale.

ber, 1895, the claimant, *Clausen*, called at the bank, and desired the papers in the bank which belonged to him. The assignee, *Hale*, made an examination of the papers in the vault, and found a package with the claimant's name upon it. The papers contained in the package were then examined, and found to be a note by Urban J. Lewis for $1,000 dated May 6, 1895; also, certain certificates of bank stock in the name of Mr. Lewis, being eight shares in Dan Head & Co.'s Bank, and two shares in the Bank of Antioch. Upon the note was an indorsement stating that the note was secured by the bank stock as collateral. *Clausen* received the papers and gave a receipt for them, stating at the time that they were not what he expected. Within a few days thereafter, *Clausen's* attorney tendered back the note and collateral, but the assignee refused to receive them. Upon the trial the note and collateral were brought into court and tendered back to the assignee.

The court found, as matter of fact, that the $1,000 loan was made to Lewis and not to the bank, and disallowed the claim, and the claimant appealed.

For the appellant there were briefs by *Baker & Baker*, of counsel, and oral argument by *N. L. Baker*.

For the respondent there was a brief by *Cavanagh & Fisher*, attorneys, and *Charles Quarles*, of counsel, and oral argument by *Peter Fisher*.

WINSLOW, J. The testimony in this case as to the real nature of the transaction between Lewis and the claimant is necessarily very meager. Mr. Lewis being dead, we do not know his version of it, and the statute excludes the claimant's version. Some of the facts in the evidence point strongly to the conclusion reached by the trial court. It may be conceded that some of the facts rather tend to support the opposite theory. It is a case where the vital findings or inferences of fact must be based upon somewhat unsatisfactory

and fragmentary evidence, but we cannot say that these find-ings are clearly against the preponderence of the evidence; hence they cannot be disturbed.

Some contention was made to the effect that the claimant, when called as a witness for the defense, was examined as to the transaction between him and Lewis, and, hence, that he should have been permitted to answer questions which his counsel afterwards put to him with regard to what was said and done at that interview with Lewis. Careful exam-ination of the testimony shows, in our judgment, that no question was allowed to be answered as to the interview in question.

*By the Court.*— Order affirmed.