Menz vs. Beebe and another.

BARDEEN, J., took no part.

MENZ, Respondent, vs. BEEBE, Appellant, and another, Respondent.

*November 22, 1898 — March 14, 1899.*

(1, 2) *Appeal: Review: Findings of fact.*   (6, 7) *Reversal for mistake not brought to attention of trial court: Modification and affirmance of judgment.*   (3, 4) *Fraud: Rescission of contract: Accounting by wrongdoer.*   (5, 6) *Costs: Discretion.*

1. On appeal from a judgment in an action tried by the circuit court without a jury, on exceptions to the findings of fact the evidence will be examined in respect to whether it sustains such findings, but error is presumed against, and unless clearly shown the decision of the trial court will not be disturbed.

2. Under the foregoing rule all fair doubts are to be resolved in favor of the decision rendered below; and the distance between clear preponderance of evidence on one side of a controversy and preponderance on the other is so great that the decision below on a question of fact is not easily or frequently disturbed.

3. When a person falsely represents the character or value of property for the purpose of inducing another to part with the same by a sale or exchange for other property owned by him, and relying thereon such other makes the sale or exchange, he may rescind the transaction within a reasonable time after discovering the fraud, by returning or offering to return what he received, and compel a restoration to his former situation.

4. In case of a rescission of a fraudulent transaction as stated, the fraudulent vendee becomes a trustee for his vendor and liable to account for all property received from him; and in case he is unable to restore all the property, then to account for the value, when ob-

tained, of that which he cannot restore, with interest; or if he has sold it for more than its fair value, then to account for the amount so received, with interest, the rule being that the fraudulent vendee has no right to profit by his fraud.

5. Though costs in an equity case are in the discretion of the court, that means a legal discretion — not mere arbitrary judicial will; and unless a person has been called into court by another or prejudiced by him in some way in the action, there is nothing for the discretion of the court to act upon in mulcting such other in costs.

6. A person is not entitled to a reversal or costs on appeal because of a plain error against him in the allowance of a small amount of interest, where the error is so plain that it could readily have been corrected by an application in the court below and no such application was made.

7. A judgment in an equity case may be modified on appeal and affirmed as modified.

[Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Modified and affirmed in part; reversed in part.*

This action was brought to rescind an exchange of real estate made between plaintiff and defendant *Beebe*, on the ground of fraud, and for appropriate relief restoring plaintiff to his former situation. Defendant *Bohn* was made defendant as a purchaser from *Beebe*, with notice of the fraud complained of. He answered denying bad faith on his part and claiming to be a *bona fide* purchaser. *Beebe* answered, and the issues of fact raised by the pleadings were decided by the court substantially as follows:

Plaintiff was the owner of 120 acres of land known as the Sun Prairie farm, and certain other real estate, and some personal property described in the complaint, situated in Dane county, Wisconsin, the real estate being worth $5,600, incumbered for $2,950, and the personal property being worth $1,093.55. Defendant *Beebe* owned a tract of land in the state of Tennessee consisting of about 323 acres, worth $646. Plaintiff was an uneducated man, weak in mind and

body, his condition being such that at intervals he had the appearance of being confused and unable to comprehend the relation of things. He was a simple-minded man, of confiding disposition, and was weak in mind and body, as stated, during all the times mentioned in the findings. October 5, 1893, while plaintiff and *Beebe* were circumstanced, and the conditions existed, as stated, the latter, for the purpose of inducing the former, who knew nothing of the facts, to trade the Dane county property for the Tennessee property and $200, knowingly and falsely represented that the latter was heavily timbered, valuable for farming, and worth from $15 to $20 per acre. Upon the faith of such representations, and not otherwise, plaintiff agreed to make the exchange as proposed by *Beebe,* and accordingly, on that day, proper instruments were duly executed; those transferring the Dane county property to *Beebe* were duly delivered and properly recorded. Thereafter the parties together visited Tennessee, and there, on the 13th day of October, 1894, plaintiff still having no personal knowledge of *Beebe's* property, but relying on his representations as to its value and character, and not otherwise, accepted the deed thereof, and thereafter caused the same to be properly recorded.

The representations made by *Beebe* as stated were false, there being very little timber on the land, and none of value, and the land being unfit for cultivation and not worth to exceed two dollars per acre. Plaintiff did not comprehend how he had been deceived and defrauded by *Beebe* till shortly before the commencement of this action, and upon his understanding the situation in that regard he demanded a rescission of the whole transaction, offering at the same time to fully restore *Beebe* to his former situation. *Beebe* paid the incumbrances on the Dane county land, mortgaged the farm for $3,000, and contracted in writing to sell the same to defendant *Bohn* for $6,000, $500 of which was paid down and the balance in fifteen years absolutely, the net

receipts of the farm, in the meantime, to be applied annually on the purchase money, and the deferred payments to bear interest at the rate of six per cent. per annum payable annually. *Bohn* acted in good faith, without notice of any wrong to plaintiff in his transaction with *Beebe*. *Beebe* received on the land contract before this action was commenced, in addition to the down payment of $500, two instalments of interest of $330 each, and after the action was commenced, upon a third instalment of interest falling due, *Bohn* deposited it in the Deerfield Bank for the use of whomsoever the court in the action should decide was entitled thereto.

On the facts above stated the trial court decided that plaintiff was entitled to a rescission of the land trade, to have all the instruments made to effect such trade adjudged void, saving only the rights of *Bohn* and the mortgagee, the judgment to be so framed as to divest and revest the titles accordingly, to judgment against *Beebe* for $1,093.55 worth of personal property received by him of plaintiff and $1,160 received on the *Bohn* contract, less $200 received by plaintiff on the land trade, making in all $2,053.55, and in addition thereto interest on the sums mentioned from the time *Beebe* received the same, and to judgment awarding plaintiff the special deposit of $330, and costs against *Beebe*. The court further decided that *Bohn* should recover costs against *Beebe*. Exceptions were filed to the court's findings and conclusions. Judgment was rendered in all respects according to the foregoing, from which *Beebe* appealed.

For the appellant there were briefs by *Bushnell & Hall*, and oral argument by *A. R. Bushnell* and *F. W. Hall*.

*Geo. W. Bird* and *Henry T. Ames*, for the respondent *Menz*. *Herman Pfund*, for the respondent *Bohn*.

The following opinion was filed December 16, 1898:

Marshall, J. There is no question of law presented for consideration in this case. No claim is made but that the

findings of fact support the conclusions of law, and, in the main, that the conclusions of law support the judgment, the only contention as regards the last proposition being that some errors were made in the accounting between appellant and plaintiff, and that costs should not have been awarded to *Bohn* against appellant. From this statement of the situation it will be seen that the burden of appellant's argument is to show that the trial court should have found differently on the facts, and to that end the learned counsel for appellant have, at great labor, prepared and presented here a printed book of 324 pages, which has been examined with all the care that should be bestowed upon the case in order to properly review so much material and determine where the truth lies, without being able to discover with clearness wherein the learned trial court erred as to the facts.

It should not be forgotten that this court does not try causes *de novo* in the strict sense of the term, even where they were tried below without a jury; that the evidence is not examined and weighed with the degree of exactness required in trying a case originally. While it is true that on an appeal in an equity case, or one tried by the court without a jury, the evidence is to be examined and weighed, where errors are properly assigned on proper exceptions, at the same time error is presumed against, and the findings cannot be disturbed unless clearly against the preponderance of the evidence. *Stanhilber v. Graves*, 97 Wis. 515; *Clausen v. Hale*, 96 Wis. 100; *Momsen v. Plankinton*, 96 Wis. 166; *Magee v. Miss. R. L. Co.* 95 Wis. 377. It seems a work of supererogation to call attention to a rule that has so long been given the significance that attends its reiteration in opinions filed at nearly every sitting of the court for many years. We repeat what was said quite recently,— such rule does not appear to be appreciated by many even who are learned and worthily eminent in their profession. That great earnestness to serve clients, and long-continued men-

tal effort to see a proposition in a particular way, should bias the mind and render difficult the duty of facing the record as it is and seeing things from the standpoint of impartiality necessary to determine with some degree of certainty the probable result of subjecting the record to the test of impartial judicial examination under the rules governing it in an appellate court, is most natural. To do that it must not be lost sight of that there is a wide range between clear preponderance of evidence on one side of a controversy and preponderance on the other; that it is so wide that when all fair doubts are resolved in favor of the facts as determined by the trial court, necessarily the cases are few where this court can properly disturb such determination.

We do not deem it advisable to quote here the evidence from the record which influences us to the conclusion we have reached. It is very voluminous. We could not quote from it at all with any satisfaction without greatly burdening the opinion with matter that would be of no benefit in future cases. To our minds the evidence is ample to sustain the decision of the learned circuit court, that plaintiff was a weak, simple-minded man; that *Beebe* was right the reverse; that he secured the confidence of plaintiff and falsely represented the Tennessee land both as to character and value in order to secure therefor, from plaintiff, some over $3,000 in value of property, for property worth between $800 and $900; that the scheme, without fault on plaintiff's part, succeeded, and that plaintiff commenced this action to avoid the transaction within a very short time after he comprehended the fraud that had been perpetrated upon him. The case is complete on the facts found, and the evidence to sustain such facts appears to be very strong and convincing.

It is contended that the relief granted is excessive, but the reason assigned for such contention shows, as the fact is, that the decree only required the appellant to restore

what he obtained from plaintiff so far as it was in his power to do so, and to respond in money for such portion of the property obtained from plaintiff as he was unable to restore. The title to the Sun Prairie farm was revested in plaintiff subject to the contract with *Bohn*, and appellant was required to pay to plaintiff the sums he had received on such contract with interest. He was also required to restore the personal property by paying to plaintiff the value of it at the time the trade was made, less the $200 plaintiff then received, with interest. No account was made of interest and taxes paid by *Beebe* on the one side, or the use of the Dane county land on the other, which fairly offset each other. That appears to be in exact accordance with the repeated decisions of this court heretofore made, as is well said by counsel for respondent. *Cole v. Getzinger*, 96 Wis. 559; *Swihart v. Harless*, 93 Wis. 211; *Porter v. Beattie*, 88 Wis. 22. The rule is elementary that a court of equity, having jurisdiction to rescind a sale of property on the ground of fraud, and to restore the parties to their former situation, may, where such restitution cannot be accomplished by reason of the defendant's conduct, so shape the decree as to require him to make compensation in money in lieu thereof, and that compensation may reach so far as to include the value of all property that cannot be restored, or that which the wrongdoer may have received therefor, with interest. If it appears that he received more for the property than it was worth when obtained by him from the injured party, the whole amount must yet be considered as belonging to the injured party. The wrongdoer cannot rightfully obtain any benefit from his wrongful conduct. *Milwaukee Co. v. Hackett*, 21 Wis. 613.

The transaction in this case having been rescinded, the wrongdoer immediately became a trustee for plaintiff of all of the property the latter conveyed to the former, and liable to account therefor *in specie* so far as possible, and for

the proceeds of such as had been disposed of in the meantime, or the reasonable value of such property if placed beyond the reach for less than its fair market value. And in addition interest may properly be added. The judgment in this case was framed on the lines indicated, and is right, tested by principles so well established as not to require extended discussion to show either their existence or their applicability to the facts.

On the subject of whether the trial court was right in rendering judgment for costs against appellant in favor of *Bohn*, the former must prevail. True, costs may be allowed in a case like this in the discretion of the court (Stats. 1898, sec. 2918), but, as said in *Spengler v. Hahn*, 95 Wis. 472, the discretion mentioned means something more than mere arbitrary judicial will. In some way it must appear that the person awarded costs has been called into court, or put to expense, or prejudiced in the action by the act of another against whom the costs are awarded, else there is nothing for the discretionary power of the court to act upon in saying that such other shall thus respond to such person. Appellant did not cite *Bohn* to appear in court or make any claim in the action adverse to him. On the contrary, the position of one was identical with that of the other so far as *Bohn's* rights were concerned. It was plaintiff who cited *Bohn* to appear, and on a charge that he was a participant in *Beebe's* fraud. That *Bohn* denied. The charge made by plaintiff and the denial by *Bohn* was the issue for trial between them. On that issue *Bohn* prevailed, and he was clearly entitled to costs against plaintiff as a result, not against *Beebe*.

The result of the foregoing is that appellant must prevail as to defendant *Bohn*, but not otherwise. The charge for printing justly chargeable to that branch of the appeal, and recoverable by appellant against *Bohn* in this court, is fixed at $15. The judgment appealed from as to *Menz* is affirmed,

but as to costs in favor of *Bohn* it is reversed. Full costs are allowed to respondent *Menz* against appellant, and the latter is allowed attorney's fees and $15 for printing against respondent *Bohn.*

*By the Court.*— So ordered.

Upon a motion by the appellant for a rehearing there was a brief for the appellant by *G. S. Martin* and *Bushnell & Hall,* and a brief for the respondent *Menz* by *Mylrea & Bird,* counsel.

The following opinion was filed March 14, 1899:

MARSHALL, J. A motion for a rehearing, made by counsel for appellant, has been considered with the following result:

The trial court charged *Beebe* with $1,093.55 for personal property obtained by him from respondent, and sums of principal and interest received on the *Bohn* contract, making in all $2,253.55, and deducted therefrom $200 paid by *Beebe* to respondent at the time of the trade, leaving a balance due the latter on the accounting, of $2,053.55. On that, the court said interest should be computed in respondent's favor at the rate of six per cent. per annum as follows: On $1,093.55 from October 5, 1893; on $500 from October 8, 1894; on $330 from October 8, 1895; and on $330 from October 8, 1896. The several items aggregated $2,253.55. The court evidently forgot to deduct the $200 from the $1,093.55, which resulted in wrongfully charging *Beebe* with interest on $200 from October 5, 1893, to the date of the judgment, the error being $50.36. That error would have been corrected by the trial court if attention had been called to it. No appeal for that purpose was necessary. The subject not having been called to the attention of the lower court before the appeal was taken, but raised for the first time, as it appears, in this court, it cannot count in appellant's favor sufficiently to entitle him to costs. *Windross v.*

*McKillop*, 98 Wis. 525. A reversal is not necessary to correct that error now. The judgment here may be modified to the extent of $50.36, and affirmed as modified, under the express language of sec. 3071, Stats. 1898. In making the suggestion in *Windross v. McKillop*, that a reversal is necessary in such a case, referring to Supreme Court Rule XXXII, we all overlooked the fact that such rule, as indicated by the decisions cited thereto, applies only to cases where a new trial below, or some proceedings there, are necessary. The error in the interest was not specifically excepted to, nor was error clearly assigned therefor, nor was any mention of it made in the original brief filed by appellant's counsel. It was mentioned in the reply brief, but in taking up and considering, point by point, the errors insisted upon in the principal argument, it was not reached.

It is urged upon us a second time that in the accounting appellant was wrongfully charged with the whole amount of interest received by him on the *Bohn* contract, when the charge, equitably, should have been reduced by the amount paid for interest on the $3,000 mortgage, which really represented the incumbrance on the property when *Beebe* obtained it from *Menz*. What was said in the former opinion as to the use of the property offsetting interest, had no reference to this, but to what occurred before the making of the *Bohn* contract. But there is no evidence in the record that *Beebe* paid any interest on the $3,000 after the date of the *Bohn* contract. If appellant had produced such proof, doubtless the credit would have been given. The attitude of counsel, it would seem, upon discovering the difficulty, should have been that of a suppliant for the favor of the court, to be allowed to remedy the mistake in failing to make proof of payment of the interest, not that of a demandant for the correction of an error in that the court below did not grant the credit to the appellant without any proof to base such credit upon. We cannot disturb the judg-

ment for error in not allowing appellant credit for interest, which, for aught that appears by the record, has not been paid.

The result is that the judgment and mandate heretofore entered in this court must be modified so as to read as follows: The judgment appealed from is modified by deducting therefrom $50.36, and is affirmed as modified. No change will be made in the judgment for costs heretofore taxed in this court, and no costs will be allowed on the motion for a rehearing, which motion must be denied.

*By the Court.*— It is so ordered.