McGOWAN, Appellant, vs. PAUL and others, Respondents.

*February 5—February 24, 1914.*

*Costs: Equity: Discretion: Review: Towns: Setting aside void contracts: Costs against town but not against town officers: Taxation of costs: Fees for serving papers.*

1. In an equitable action the allowance of costs, being a matter in the discretion of the trial court, will not be disturbed upon appeal unless there was an abuse of that discretion.

2. Where, in an equitable action by a taxpayer, contracts which had been entered into by town officers acting on behalf of the town in good faith and in accordance with the wishes of a great majority of the electors were held void because not within the power of the town, there was no abuse of discretion in awarding costs to the plaintiff against the town and not against the town officers.

3. A motion to review the taxation of costs which does not, as re-

quired by Circuit Court Rule XXXII, point out in what respect the moving party was aggrieved, is insufficient.

4. Items in plaintiff's bill of costs for fees for service of summons, injunctional order, etc., although supported by affidavit of his attorney that such disbursements had been or would necessarily be made or incurred, were properly disallowed in taxing the costs, where the record showed and the court found that such service was not made by an officer.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

This action was brought by a taxpayer on behalf of himself and other taxpayers to set aside contracts entered into by the officers of the defendant town of *Milton* for building cement sidewalks and lighting streets. The case was here before (141 Wis. 388, 123 N. W. 253) and the contracts held void. This appeal is from a judgment entered upon the mandate of this court on the former appeal.

The cause was submitted for the appellant on the brief of *J. J. Cunningham,* and for the respondents except *Crossman, Doran,* and *Hayes* upon the brief of *Jeffris, Mouat, Oestreich & Avery.*

. KERWIN, J. The contentions here are (a) that the court below erred in adjudging costs against the defendant town of *Milton;* (b) in not adjudging costs against the defendants *John Paul, Henry Yale, E. D. Vincent, H. E. Schrader, L. A. Richardson, William Doran, B. P. Crossman,* and *Harry Hayes;* (c) that the court erred in disallowing certain items of costs incurred by plaintiff.

The mandate of this court on the former appeal ordered the judgment reversed and cause remanded with directions to render judgment declaring the contracts void and the levy of taxes and collection of the same for the purpose contemplated by such contracts illegal, and enjoining the town officers from issuing orders upon the treasurer for payment of any money upon such contracts, and enjoining the disbursement upon

such contracts of any money in the treasury.    Judgment was entered by the court below in accordance with the mandate, with costs in favor of the plaintiff and against the defendant town of *Milton,* and that no costs should be allowed or taxed against the other defendants named.

The contention of counsel for appellant under this head is that the court erred in rendering judgment against the defendant town, and that judgment should have been rendered against the other defendants, especially the town officers, on the ground that, the contracts being void and without authority of law, the officers had no power to make such contracts, therefore the costs should go against such officers, not against the town.    Counsel relies upon *State ex rel. Gordon v. McNay,* 90 Wis. 104, 62 N. W. 917, in which case the distinction is drawn between a case where the supervisors act on behalf of the town and a case where they act simply as governmental officers charged with the execution of a police power; and it was held that in the latter case the town cannot be held liable for their acts.

In the case at bar, however, the officers were acting on behalf of the town, although acting without authority.    Nevertheless it is perfectly clear from the record that they acted in perfect good faith, believing they had authority to act, and not only that, but they were supported in their action by the great majority of the electors of the town.    And it may further be observed in this connection that, while the plaintiff's action purports to be on behalf of himself and other taxpayers, it appears from the findings and the record, not only here but on the former appeal (141 Wis. 388, 123 N. W. 253), that the taxpayers generally supported the action of the town officers and were opposed to the action of the individual plaintiff in bringing the suit.

It is further insisted by appellant that the defendant town of *Milton* should not have been made a party to the action and was not in fact made a party, and that no service of the

summons and complaint was made upon the defendant town, and that the appearance of the town was voluntary and a gratuitous act of the town officers or of counsel for the town officers. But the record shows that the town was in fact a party, answered, and took part in the defense of the action in connection with the town officers. Moreover, as before observed, the electors of the town, or at least a large majority of them, favored and supported the defense on the part of the town and the town officers and were opposed to the action of the individual plaintiff.

This action being in equity under our statutes, costs may be allowed in whole or in part, in the discretion of the court. Sec. 2918. And, independent of statute, the rule is that in equitable actions the allowance of costs is largely within the discretion of the court, and that such discretion will not be disturbed in the absence of abuse. 11 Cyc. 32; *Menz v. Beebe,* 102 Wis. 342, 77 N. W. 913, 78 N. W. 601. As before observed, in this case the officers acted in good faith and in accordance with the wishes of a majority of the electors of the town, hence there was no abuse of discretion in not awarding costs against them. *Williams v. Williams,* 117 Wis. 125, 94 N. W. 25; *Carrier v. Atwood,* 63 Wis. 301, 24 N. W. 82; *O'Connor v. Walsh,* 83 App. Div. 179, 82 N. Y. Supp. 499; *Scrafford v. Gladwin Co.* 42 Mich. 464, 4 N. W. 167; *Zimmerman v. Miller,* 237 Pa. St. 616, 85 Atl. 871.

We think it clear from the record that the court below did not abuse its discretion in awarding costs against the defendant town, therefore such discretion cannot be disturbed.

The appellant also claims that error was committed in disallowing certain items of costs for service of injunction, injunctional order, and summons, copies, and travel, which service, it appears from the record, was not made by an officer. Counsel for appellant seems to argue this point on the theory that the service was made by an officer, but the record shows and the court found to the contrary.

The clerk disallowed the following items:

| | |
|---|---:|
| Fees service of summons and injunctional order.......... | $4 50 |
| Copies summons, 16 fols. at 10c............................ | 1 60 |
| Copies amended complaint, 144 fols. at 10c............... | 14 40 |
| Travel, 24 miles at 10c................................... | 2 40 |

The bill of costs had attached an affidavit of the attorney for plaintiff "that the disbursements above mentioned have been or will necessarily be made or incurred, as he is informed and believes, and the copies charged for therein were actually or necessarily used or necessarily obtained for use in said action."

To the taxation of the items above referred to the following objection was made by defendant:

"None of the papers for which said disbursements have been made were served by an officer; that the person serving the same was not entitled to tax therefor; that no proof is on file or made as to the actual amount expended by said plaintiff for the service of said papers, and for the reason that said items are not properly taxable or allowable as disbursements herein."

A motion was made to review the taxation of costs, but it does not appear from the record whether the notice complied with Rule XXXII of the Circuit Court Rules or not, or whether the notice was sufficient to bring before the court the items for review. Where the motion to review fails to point out in what respect the plaintiff was aggrieved by the action of the clerk as required by Circuit Court Rule XXXII, the motion is insufficient. *Turner v. Scheiber,* 89 Wis. 1, 61 N. W. 280. The court on the review reversed the ruling of the clerk disallowing the following items in the bill of costs: "For draft injunctional order and copies, and draft affidavit and copies, draft bond for injunctional order and copies, in the sum of $11.59," and ordered that such sum of $11.59 be allowed and added to the amount of the judgment for costs; and further ordered that the finding of the clerk disallowing items of disbursements in plaintiff's bill of costs for "service

summons and injunctional order and copies, and for service of amended complaint and for travel," be sustained. There is no proof in the record sufficient to warrant the allowance of the items disallowed, so far as appears from the bill of exceptions. Counsel for appellant relies upon an affidavit of plaintiff's attorney, heretofore referred to, but this affidavit is not sufficient to overcome the finding of the court on review of taxation of costs upon the record before us. We are therefore of opinion that the judgment of the court on review of taxation of costs cannot be disturbed. We think the judgment below is right and should be affirmed.

*By the Court.*—The judgment is affirmed.