## Will of Root.

*January 16 — February 2, 1892.*

*Wills: Devise to heir: Title by descent or purchase? Payment of legacies charged upon residuary real estate: Sale of reversion: Homestead.*

1. Whether a devise to the heir at law of precisely the same estate he would otherwise take by descent is void, so that the heir in such case takes by descent and not by purchase, not determined.

2. A testator died seised of a farm and of city property. He directed a sale of the farm and the investment of a part of the proceeds, the income of such investment to be paid to his widow during her life. He also devised to her the city property for her life. He then made general money bequests to other persons, and concluded: "After the sale of said farm and the payment of said debts, legacies, bequests, and devises as aforesaid, the rest, residue, and remainder of my property shall go to my wife for life, remainder over to my heirs at law." The personal estate was insufficient to pay the general legacies. *Held*, that the payment thereof was charged by the will upon the reversion or remainder in the realty after the termination of the widow's life estate.

3. A reversion or vested remainder may be sold to pay legacies which are a charge thereon, before the expiration of the precedent estate.

4. Where such precedent estate is a life estate devised to the testator's widow, the fact that a part of the premises were the testator's homestead in no way interferes with the sale of the reversionary interest in order to pay legacies.

5. Nor is it a sufficient objection to such sale that the life tenant is young and the reversion will therefore sell for but little. The reversioners may protect themselves by bidding or procuring bidders at the sale.

APPEAL from the Circuit Court for *Fond du Lac* County.

Truman A. Root, late of Fond du Lac county, died seised of a farm in that county, of a parcel of land in the city of Fond du Lac, on which were two dwelling-houses (one of which was his homestead), and of some personal property. He left a will, which has been duly probated, in which he directed a sale of his farm, the payment to his widow of $1,000 of the proceeds, the investment of another $1,000 thereof in a house and lot or other productive property in that city, and the payment to his widow of the rents, issues, and profits of such property during her life. He also devised to his widow the other city property above mentioned, for her life. He made general money bequests, amounting to $2,600, to fifteen or more persons other than his widow, eight of whom were not his heirs at law. The others were such heirs. He left two heirs at law to whom no bequests

were made. The residuary clause of the will is as follows: "After the sale of said farm and the payment of said debts, legacies, bequests, and devises as aforesaid, the rest, residue, and remainder of my property shall go to my wife for life, remainder over to my heirs at law." The testator left no lineal descendants.

In due course of administration the farm was sold; the $1,000 bequeathed to the widow paid to her; another $1,000 of the proceeds invested in building another house on the city lot, under the order of the county court; the personal property was sold, and the debts of the estate paid; and a balance remained in the hands of the administrator, applicable to the payment of the general legacies, of about $500. None of these legacies have been paid.

Thereupon the administrator presented a petition to the county court, setting forth the above facts, and praying license to sell the reversion of the Fond du Lac city property, so that he might pay the unpaid legacies and close the estate. The heirs at law of the testator interposed objections in the nature of a demurrer to the petition, and the matter was determined on the petition and objections thereto, without testimony.

The county court denied the petition, and the circuit court, on appeal, affirmed the order of the county court denying the same. The administrator now appeals to this court from the judgment of affirmance.

For the appellant there were briefs by *Joseph W. Hiner*, attorney, and *George Gary*, of counsel, and oral argument by *Mr. Gary*.

*D. Babcock*, for the respondents.

LYON, C. J. For the purposes of this appeal the objections interposed by the heirs of the testator to the petition of the administrator for leave to sell the reversion in the Fond du Lac city property must be treated as a demurrer

thereto, and hence the averments in such petition must be taken to be true. Indeed, we do not understand there is or will be any controversy concerning the facts of the case.

Some question was made in the argument as to whether the interest of the heirs of the testator in the Fond du Lac real estate is a remainder or reversion. If they take under the will, undoubtedly they take an estate in remainder; but if by descent, they take an estate in reversion. And whether it be one or the other, it is a vested estate. R. S. secs. 2033–2037. For reasons which will presently appear, the question is not important. It may be observed, however, that at common law the rule seems to have been well settled in England, and in many, perhaps most, of the United States, that a devise to the heir at law of precisely the same estate he would take by descent were there no devise, is void, and the heir takes by descent in such case and not by purchase. 4 Kent, Comm. 507. The rule was changed in England by statute 3 & 4 Wm. IV. ch. 106. Were it necessary to decide the question, we should probably be constrained to hold that, notwithstanding the residuary clause in the will, the heirs of the testator in this case take their estate in the city property by descent, because they would take the same estate therein had the will contained no residuary clause; and hence, that their estate is a reversion.

But whether their estate be a remainder or a reversion, the will itself contains indisputable evidence that the testator intended to charge his real estate not specifically devised with the payment of legacies if the personal estate proved insufficient to pay them. Such evidence is found in the residuary clause, which expressly limits the residue of his estate, both real and personal, to such of it as shall remain after all debts, legacies, bequests, and devises have been paid. Language could not more plainly express the

intention of the testator to charge both his real and personal estate with the payment of the legacies in his will. Such intention of the testator is controlling in the distribution of his estate.

It may be observed here that there is abundance of authority to the effect that when, as in this case, legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, such legacies are a charge on the residuary real as well as personal estate, unless such construction is opposed to other provisions in the will. In *Turner v. Gibb* (N. J. Ch.), 22 Atl. Rep. 580, numerous cases are cited which sustain this doctrine. Under this rule, the residuary estate would be charged with the payment of legacies in this case, even though the residuary clause did not contain the limitation above mentioned.

It follows that the heirs took the reversion or remainder (whichever it may be) subject to the payment of legacies. The personal estate has been exhausted, and it has proved insufficient to pay all the legacies. Hence, the contingency has arisen which renders necessary a resort to the residuary real estate to make up the deficiency. A reversion or vested remainder may be sold on execution before the expiration of the precedent estate. 1 Freem. Ex'ns, § 178, and cases there cited. No valid reason has been suggested why the same interest may not also be sold to enable an administrator to pay legacies which are a charge upon such interest.

We think the power and duty of the court to order the residuary estate sold to pay legacies is not impaired or affected by the circumstance that a portion of such estate was the homestead of the testator at his decease. The testator had the right, while living, to convey to a stranger, without the signature of his wife to the conveyance, the reversion in the homestead after it should cease to be such.

*Ferguson v. Mason*, 60 Wis. 377. He may also devise it to a stranger (R. S. secs. 2271, 2277, 2280), and his widow can preserve a homestead right therein only by electing to take the provision made for her by law, instead of that contained in the will of her deceased husband. R. S. secs. 2171, 2172. Here the husband specifically devised to the wife an estate in the homestead which may endure longer than that she would have taken under the statute, for under the statute her estate would terminate upon her marriage as well as at her death, while under the will it only terminates at her death. She elected to take under the will, and holds the property by virtue of the devise thereof to her. The fact that it was once the homestead of her husband and herself does not affect the tenure upon which she holds, one way or the other, and there remains attached to the property no quality of a homestead which interferes with the sale of the reversionary interest therein to complete the payment of legacies.

It is urged that, inasmuch as the widow is only about forty-five years of age, and liable to live many years, the reversion in the property dependent upon her life estate would sell for but little, and hence that it would be a hardship on the heirs to force a sale thereof. The answer to this is the same that would be made were the property about to be sold on execution or foreclosure of a mortgage or mechanic's or laborer's lien; that is, the heirs must protect themselves by bidding or procuring bidders at the sale. The legatees must protect themselves in like manner. The courts cannot always, or usually, save the parties interested in property about to be sold under judicial process from the peril that it may be sold below its value. The remedy against such peril is, in a large measure, in the hands of such parties themselves. It seems to us that in this case some amicable arrangement might be made between the heirs and legatees who are not heirs, by

which the property may be made to sell for its value, or a sale thereof be avoided by a satisfaction of the legacies, the assignment of the residuary estate to the heirs by the proper court, and the discharge of the administrator. But, however that may be, we think the petition of the administrator for leave to sell the residuary estate should have been granted. It is scarcely necessary to add that the specific life estate in the property devised to the widow is not chargeable with the payment of legacies.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded with directions to that court to reverse the order and judgment of the county court denying the petition of the administrator, and for further proceedings according to law.