HAMILTON, by guardian *ad litem,* and another, Respondents, vs. BUCKMAN, imp., Appellant.

*May 8—May 29, 1903.*

*Wills: Construction: Pecuniary legacy, when charge on residuum: Misconduct of executor: Estoppel: Judgment creditor of executor.*

1. In an action for construction of a will it appeared, among other things, that by the residuary clause of his will testator gave to his two sons all the residue of his real and personal property, "with the exceptions of the above named bequests," which bequests exceeded by some $2,000 the total personal estate. He had, by a prior clause in the will, given his widow, who was seven years his junior, and, at the date of the will, in vigorous health, and might have been expected to survive him many years, the right to exhaust the personal estate in her support, which might have been done before the time for the payment of the money legacies arrived. The sons, to whom the residuum was left, were appointed executors and absolved from giving bonds. *Held,* that a finding that the testator intended to charge the pecuniary legacies upon the mixed residuary fund of both personalty and realty was sustained by the evidence, and that the rights of the specific legatees were prior to the residuary legatees, or any person holding under them.

2. Where an executor, to whom was devised the residuum of testator's estate both real and personal, charged with the payment of pecuniary legacies, has converted all the personal assets to his own use, so they are not available for the payment of such legacies, he is estopped to assert the existence of such personal assets in exoneration of the realty which he takes subject to such pecuniary legacies.

3. In such case, a judgment creditor of such executor is in no better position than the executor. His judgment is a lien merely on whatever interest the executor has in the realty, and is subject to all equities therein in favor of others.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

In 1888 George F. Austin, of Milwaukee, then about eighty years of age, executed his will, whereby he first gave all his property, real and personal, to his wife for life, with the income and profits thereof, and also the proceeds of such personal property as she might desire to sell, exchange, or convert into money for her support during her life; giving her full power of disposition of personal property for such purpose. After the death of the wife a $5,000 money legacy was given to the plaintiff *Lillian Austin,* and a $1,000 legacy to Susan A. Nichols, whose grandchildren are the other plaintiffs, and whose son is made a defendant; she having died after the testator, but before the widow. Other legacies were given amounting to $1,600. By a later clause the will provided:

"All my real estate and personal effects after the death of my said wife, with the exception of the above-named bequests, shall belong to my two sons, Edward A. and James R. Austin, share and share alike. James R. having already received on his portion ten thousand dollars in cash, and Edward five thousand six hundred, there will be due to Edward A., four thousand four hundred dollars to make them equal."

The will named the widow as executrix, and, in case of her refusal to act, the said two sons executors, with request that they be exempt from giving bonds and from making any inventory of the estate. George F. Austin died in May, 1897, survived by his wife, who declined executorship, and Edward A. and James R. were therefore appointed. Edward died a year later; and in April, 1900, James, as sole surviving executor, filed an inventory showing real estate of

value about $7,500, and personal property, consisting of household effects, $500, money in bank, $695.50, and a note and mortgage upon property in Buffalo, New York, for $10,000. The widow lived until April 19, 1901. In January, 1901, she, together with the executor, executed an assignment of the $10,000 mortgage, acknowledging as consideration $10,000, which was supplemented a few days later by a separate formal assignment to the same person by the executor alone, who at all times resided in Philadelphia, Pennsylvania. The court finds that ever since January, 1901, said executor has had in his possession the said mortgage, or the proceeds thereof, and refuses to account for any portion of the same. The money in bank was used up by the widow, as also the household furniture. There is no money or personal property within this state to pay administration expenses or the money legacies. The executor, James R., is irresponsible. This action was brought in the interest of the two money legatees above mentioned to construe the will, and declare said money legacies a charge upon the real estate in Wisconsin prior and superior to the interests of the representatives of Edward A. Austin and of James R. Austin, or any one holding under him, amongst whom is the appellant, *Charles Buckman,* who has a judgment against James R. Austin, docketed in Milwaukee county, to an amount exceeding $3,000. The court found as a fact that the intent of the testator in the will was to charge said legacies upon the mixed residuary fund of both personalty and realty, and that the rights of the legatees were prior to those of Edward and James R. Austin, or any person holding under them, including the appellant, *Buckman;* appointed a receiver, by reason of the neglected condition of the real estate, and ordered him to sell the same and turn the proceeds over to an administrator *de bonis non* with the will annexed of the estate of George F. Austin, deceased. From this judgment the defendant Buckman alone appeals.

For the appellant there were briefs by *Bloodgood, Kemper & Blodgood,* attorneys, and *Francis Bloodgood,* of counsel, and a separate brief by *Roemer & Aarons,* of counsel, and oral argument by *J. H. Roemer.*

*David S. Ordway,* for the respondents.

DODGE, J.   Two points or assignments of error are urged by the appellant:   First, that the finding of an intent to charge the money legacies upon the real estate given to the two sons by the residuary clause of the will is not justified by the language of the will, either alone or in conjunction with the collateral facts and circumstances; secondly, that, if so charged, the personal assets are primarily liable, and are not shown to have been exhausted.

Under the first head, we shall not deem it necessary to decide the full scope of the rule of law quite vigorously debated in the contesting briefs, as to whether, in all cases of the bestowal of a mere residuum of mixed real and personal property, there must arise an inference of intent to charge specific money legacies upon the whole of that residuum, including the real estate, to which the following among other authorities are applicable: *Greville v. Browne,* 7 H. L. Cas. 689; *Lewis v. Darling,* 16 How. (U. S.) 1; *Lupton v. Lupton,* 2 Johns. Ch. 614; *McCorn v. McCorn,* 100 N. Y. 511, 3 N. E. 480; *Will of Root,* 81 Wis. 263, 267, 51 N. W. 435. In this case the court has found such an intent by inference from facts practically undisputed.   The first of these, of course, is the language of the residuary clause itself, which only gives to the two sons the real and personal property, "with the exception of the above-named bequests;" clearly indicating the purpose of the testator that such bequests should be paid, in any event, before the two sons received anything.   To this may be added the further facts that the total personal estate, other than household goods, was only about $10,700; that the money bequests, including the money

to be paid to the son Edward A. to equalize between him and James R., exceeded that amount by about $2,000; that the widow, who at the time of the making of the will was some seven years younger than her husband, was vigorous in health, and might have been expected to survive him a number of years, and, under her right to dispose of any and all personal property and use up the proceeds for her support, might well have exhausted the whole of this personalty before the time for the payment of the money legacies arrived. A further fact of significance is that the residuum is left to the two sons, who are also named as executors, with the request that they be absolved from giving bonds, and who, therefore, the testator desired should become vested with authority to deal with the personal property in discretion, with the resulting power, at least, to dissipate the same, so that whatever did remain after the death of the widow might be placed beyond the reach of the money legatees. From these and certain other facts not necessary to specify, we are convinced that the above-mentioned finding of the trial court is sustained by the evidence. The efficacy of such and similar facts to support inference of such intent is discussed in the following cases: *McCorn v. McCorn, supra; Estate of Goodrich,* 38 Wis. 492; *Will of Root, supra.*

Counsel for appellant, however, invoke another rule, which, as a generality, is well recognized—that personalty is the primary source from which debts and legacies are payable, and therefore real estate, even though it be, in law, chargeable therewith, can be resorted to only in case of deficiency of personal assets. To this they add the rule that the deficiency must be of assets left by the testator, not merely a deficiency resulting from misapplication or *devastavit* by the executors. These rules are supported by much reason when invoked as between legatees and mere devisees, one or the other of whom must innocently suffer because of fault of the executor, over whose conduct the legatee has had

quite as much control as the devisee. It cannot, however, be patiently heard in a court of equity, when the devisee is also the executor, who, having received both the personal and real property, has by his own wrongful act caused the deficiency in the former. In such case most obvious principles of equity and justice exclude him from any benefit or protection as against the innocent legatee. *Wyckoff v. Wyckoff,* 48 N. J. Eq. 113, 21 Atl. 287. In the instant case, if there were any personal assets in the estate after the death of the widow, they were taken by James R. Austin, withdrawn from this state, and applied to his own uses, and by reason of such conduct are wholly unavailable for the payment of the plaintiff legatees. He certainly must be estopped to assert the existence of such assets in exoneration of the realty which he takes subject to these legacies. Of course, his judgment creditor, who is the sole appellant, stands in no better position than the executor himself. Such judgment is a lien merely on whatever interest James has in the realty, and is subject to all equities therein in favor of others.

From the views already expressed, the conclusion is obvious that certainly as against this appellant the plaintiffs are entitled to have the real estate described in the judgment applied to the legacies which are a charge upon it, and to have it sold, and its proceeds brought into court for distribution. The details of administration in accomplishing this result are not complained of. They are at least adapted to the result, and warranted by the law as applied to the situation. We find nothing of error in the judgment in any wise prejudicial to the appellant.

*By the Court.*—Judgment affirmed.