KUENER and another, Appellants, vs. PROHL, Administrator, Respondent.

*October 20—November 17, 1903.*

*Wills: Construction: When debts and legacies a charge on homestead.*

1. A provision in a will, "After my just debts and funeral expenses have been paid, I give," etc., does not, under sec. 3862, Stats. 1898, make such debts a charge upon testator's homestead therein devised.

2. A will gave testator's household goods and $1,000 to one of his two sons, and directed that the rest of his property, real and personal, be divided equally between them. *Held,* that such legacy of $1,000 was a charge upon all the testator's estate, including, if necessary, his homestead, and that a mortgage given by the other son on his interest in the homestead covered only one half of the proceeds thereof remaining after payment of said legacy.

APPEALS from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Charles Prohl, Sr., died December 9, 1895, leaving a last will executed July 24, 1895, which was duly admitted to probate, and contained this provision:

"After my just debts and funeral expenses have been paid I give and bequeath unto my beloved son, *Charles J. Prohl,* all my household, consisting of beds, carpets, crockery, tables and everything known and classed as household goods, and the sum of $1,000, and the rest of my real and personal property shall be divided amongst my two beloved sons, Albert C. Prohl and *Charles J. Prohl,* share and share alike."

The testator left, him surviving, no widow or minor child, but only his two sons thus named in the will. At the time of his death the testator was possessed of some personal property, consisting of household furniture, and a claim against his son Albert C. for $1,000, and also two separate pieces of

real estate, situated in Milwaukee. One of these pieces was situated in the Sixth ward, and was subject to a mortgage executed by the testator after the execution of his will, which was foreclosed after his death, and the land was sold for barely enough to satisfy the mortgage thereon. The other piece of land was situated in the Thirteenth ward, and constituted the homestead of the testator, and was subject to a mortgage executed by the testator after the execution of his will, which was also foreclosed after his death, and the land was sold for enough to satisfy the mortgage thereon, and leaving a surplus of $1,375.68, after paying the expenses thereof.

About five months prior to the death of the testator he became an accommodation guarantor on a note to the appellant *Kuener* for $4,500, which became due July 2, 1896. After the principal who executed that note had failed to pay, and *Kuener* had exhausted the other collateral security, *Kuener* filed such claim against the estate of the testator, and the same was allowed to an amount in excess of such surplus; and *Kuener* insists that such claim should be paid out of such surplus, and is a charge thereon. The county court held that such surplus was exempt from the payment of *Kuener's* claim, and rendered judgment accordingly, which, on appeal, was affirmed by the circuit court, from which last judgment he appeals to this court.

After the death of the testator, and on August 8, 1896, the son Albert C. gave a note of $1,500 to the appellant *Emily Heyn,* and executed and delivered to her a mortgage to secure the same, on all his right, title, and interest in such homestead; and no part of that note and mortgage has been paid. Shortly prior to the testator's death, Albert C. made an assignment for the benefit of his creditors, and the testator's claim against him for $1,000 was proved up against his estate; but no dividend has been paid thereon, and the same

was regarded by both courts as of no value. The county court adjudged that, under the provisions of the will quoted, the son *Charles J.* was entitled to receive out of such surplus the legacy of $1,000 to him, with interest thereon from December 6, 1896, and that only the balance of such surplus was to be divided equally between him and the appellant *Heyn,* as the mortgagee of the son Albert C.; and that judgment was affirmed by the circuit court, from which *Emily Heyn* appeals to this court.

For the appellants there was a brief by *Nath. Pereles & Sons,* and oral argument by *C. F. Hunter.* They contended, *inter alia,* that a clause devising property after the payment of the testator's debts, charges his realty, or his property which is devised or bequeathed, with the payment of such debts. *Alexander v. M'Murry,* 8 Watts, 504; *Tuohy v. Martin,* 2 MacArthur, 572; *Gardner v. Gardner,* 3 Mason, 178, 208–212; *McLellan v. Turner,* 15 Me. 436; *Sanborn v. Clough,* 64 N. H. 315; *Power v. Davis,* 3 MacArthur, 153, 164–167; *Lafferty v. People's S. Bank,* 76 Mich. 35, 45; *White v. Kane,* 1 How. Pr. (N. S.) 382; *Smith v. Coup,* 6 Dem. 45; *Matter of Hesdra,* 2 Connoly, 514; *Matter of Fox's Will,* 52 N. Y. 530; *Shreve v. Shreve,* 2 C. E. Green, 487; *Fenwick v. Chapman,* 9 Pet. 461; *Reynolds v. Reynolds' Ex'rs,* 16 N. Y. 258. Instances of words which are words of general direction merely, and which do not amount to a charge, are found in numerous cases and are well instanced by those where a testator directs that his just debts be paid by his executors, or be paid out of his estate, or where he merely directs that his debts be paid. *Matter of Bingham,* 127 N. Y. 296; *Matter of Powers,* 124 N. Y. 361; *Clift v. Moses,* 116 N. Y. 144; *Brookhart v. Small,* 7 Watts & S. 229; *Gaw v. Huffman,* 12 Grat. 628; *Harmon v. Smith,* 38 Fed. 482; *White v. Kauffman,* 66 Md. 89; *Balls v. Dampman,* 69 Md. 390; *Brands v. Hartung,* 38 N. J. Eq. 42. See,

especially, *Will of Root,* 81 Wis. 263; *Turner v. Scheiber,.* 89 Wis. 1; *In re Madden's Will,* 104 Wis. 61, 65; 2 Woerner, Adm. 989, 1097; Underhill, Wills, § 397.

For the respondent there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas,* and oral argument by *F. C. Winkler.* To the point that the language of the will did not show a specific intent to charge any property with the payment of debts, they cited *Matter of Rochester,* 110 N. Y. 159; *Matter of O'Brien,* 39 App. Div. 321; *Cunningham v. Parker,* 146 N. Y. 29; *Balls v. Dampman,* 69 Md. 390.

CASSODAY, C. J.    1. It is contended on the part of the administrator *de bonis non* that *Kuener's* claim is based upon the mere accommodation guaranty of the testator to answer for the debt of another, and hence is not a debt, within the meaning of the clause of the will quoted. For the purposes of this appeal, we shall assume that it was a debt. The important question presented is whether it became a charge upon the homestead, or, in other words, upon the surplus arising upon the foreclosure sale of the homestead. The statute provides that:

"When the owner of any homestead shall die not having lawfully devised the same, such homestead shall descend free of all judgments and claims against such deceased owner, or his estate, except mortgages," etc. Sec. 2271, Stats. 1898.

The statute also "excepts the homestead of the deceased" from "the payment of his debts," but provides that "if a testator shall make provision by his will . . . for the payment of his debts . . . they shall be paid accordingly," but that "no general direction in any will to pay the debts of the testator out of his property shall subject the homestead to the payment thereof." Sec. 3862, Id. The will in question does not attempt to make the debts of the testator a charge upon his homestead. It simply declares, in effect,. that, after his debts and funeral expenses have been paid, the-

personal property therein mentioned and the sum of $1,000 shall be given to the son *Charles J.,* and the rest of his real and personal estate should be divided between his two sons, share and share alike. In the late case of *Pym v. Pym,* 118 Wis. 662, 96 N. W. 429, the devise to the wife was "subject to the payment of debts, funeral expenses, and bequests," but it was held that so much of the homestead as did not exceed one quarter of an acre was exempt from liability to creditors. This was on the ground that such language was a mere "general direction," within the meaning of the statute quoted. Counsel for the appellant insists that the claim of *Kuener* is a charge upon the homestead, within the ruling of this court in *Madden's Will,* 104 Wis. 61, 65, 80 N. W. 100. In that case the testator gave and devised to his wife all his real and personal property, "to have and to hold the same during her life and at her death the said property to be" divided as follows: "One half of the real estate" to Phillip Madden, "without incumbrance;" then a legacy of $100 to a person named, and another legacy of $5 to another person named, and "the rest and residue *after all debts are paid* to Mary Ann Brown." The homestead, which was incumbered, constituted substantially all the property of the testator. The county court authorized the sale of Mary Ann Brown's interest to pay claims, but refused to allow the same for the expenses of administration, and such adjudication was affirmed by the circuit court. This court held that Mary Ann Brown's interest was also chargeable with the expense of administration. The particular statute upon which this case turns was not referred to in the opinion in that case. Obviously the decision in that case is not an authority for holding that *Kuener's* claim was a charge upon the homestead in question. Both courts properly held that it was not such charge.

2. The only claim to such surplus by the appellant *Emily Heyn* is under and by virtue of the mortgage given to her by the son Albert C. upon all his right, title, and interest in the

homestead, and hence she has no greater right to such surplus than Albert C. would have had if no such mortgage had been given. By the express terms of the will, the residue of the estate was only to be divided between the two sons, share and share alike, after the household goods and the $1,000 therein mentioned had been paid to the son *Charles J.* It will be observed that there is nothing in the clause of the statute last quoted to prevent legacies from being made a charge upon the homestead by a "general direction" in a will, as that clause of the statute only relates to the payment of debts of the testator. Both courts so held, and we perceive no reason for disturbing the judgment.

*By the Court.*—The judgment of the circuit court is affirmed on both appeals.