Will of Borchardt: Graunke, Administrator, Appellant, vs. Graunke and others, Respondents.

*September 17—October 14, 1924.*

*Wills: Time from which will speaks: Death of devisee before probate: When title passes: Charging homestead with general debts: With expenses of last sickness and funeral: Allowance for tombstone.*

1. A will speaks from the time of the testator's death, and a devise does not lapse merely because a devisee who survives the testator dies before the will is probated. p. 564.
2. A devise of realty to testator's wife is vested in her at the time of his death, and her title passed to her son on her death, which occurred before probate of the will. p. 564.
3. The final judgment or order of the county court does not transfer title, but determines the persons entitled to the property and their respective interests. p. 564.
4. Though testator at the time of his death had no appreciable property except the homestead, it cannot be presumed that at the time of executing his will, eight years earlier, he was without a personal estate or that he did not expect it to be sufficient to pay his just debts without resort to the homestead. p. 565.

5. Statutes exempting homesteads should be liberally construed in favor of the widow and issue of deceased.  p. 567.
6. A provision in the will requiring that "debts, expenses of last sickness, and funeral expenses be first paid," is, under sec. 3862, Stats., not specific enough to charge the homestead with general debts, but sufficient under sec. 2280, when construed with sec. 3862, to render it liable for expenses of last sickness and burial.  p. 569.
7. The probate court may properly allow the disbursement by an executor or administrator of a reasonable amount, dependent on all the circumstances, for a headstone, which expenditure is classed as a funeral expense.  p. 570.

APPEAL from a judgment of the county court of Marathon county: GEORGE J. LEICHT, Judge.  *Reversed.*

For the appellant administrator there was a brief by *A. H. Eberlein,* attorney, and *Brown, Pradt & Genrich,* of counsel, all of Wausau, and oral argument by *F. W. Genrich.*

For the respondents there was a brief by *Schmidt & Ruder* of Wausau, and oral argument by *Karl A. Schmidt.*

JONES, J.  This is an action for the construction of a will. The portion of the will to be construed is as follows:

"I give, devise, and bequeath,

"First. It is my will that all of my just debts, expenses of last sickness, and funeral expenses be first paid.

"Second. All the rest, residue, and remainder of my estate, real, personal, and mixed, I give, devise, and bequeath unto my wife, Alvina Borchardt."

The deceased, Friedrich Borchardt, died January 17, 1923.  He left surviving him Alvina Borchardt, his widow, and Albert Borchardt, his son, his only heirs at law.  At the time of his decease he owned personal property inventoried at $9.35 and a house and lot in the city of Wausau admitted to be his homestead.  The respondent *William Graunke* is a son of Alvina Borchardt by a former marriage, and is not an heir of Friedrich Borchardt.  Alvina Borchardt survived

the testator only a short time, and died March 9, 1923. The will of Friedrich Borchardt was admitted to probate. The expenses of the deceased's last sickness, funeral, and administration were incurred and the expenses of the funerals of both of the deceased persons were advanced and paid by the son, Albert Borchardt, who filed claims against the estate therefor. There was another claim of a third party for care, support, and maintenance of the deceased, on which judgment was allowed for $500. In the county court *William Graunke,* the stepson of the testator, objected to the payment of any debts or expenses for the last sickness, funeral, or administration out of the real property, claiming a homestead exemption therein. In the final judgment there was allowed to Albert Borchardt $374.25 for funeral expenses; to Richard Steffen, Sr., and wife $500; to Christ Bluhm $145 for a monument. The claim of Albert Borchardt was allowed as preferred. The county court held the true intent and meaning of the will, taken as a whole, is that the devisee, Alvina Borchardt, should receive the property free from all judgments and claims against the testator or his estate, whether preferred or otherwise.

On its face this simple will calls for no construction. It is only because of the statutes that the aid of the courts has been invoked to determine the intention of the testator. The sections of the statutes are as follows:

"Section 2280. When any homestead shall have been disposed of by the last will and testament of the owner thereof the devisee shall take the same free of all judgments and claims against the testator or his estate, except mortgages lawfully executed thereon and laborers' and mechanics' liens; provided, that if such owner shall not leave a widow or minor child or other property than his homestead sufficient to pay the expenses of his last sickness, his funeral and the costs and charges of administering his estate such homestead shall be subject to such expenses, costs and charges; and provided further, that if he shall

not leave a widow, child or grandchild nor other property sufficient to pay his debts and liabilities such homestead shall be liable therefor."

"Section 3862. All the estate of the testator or intestate, real and personal, except the homestead of the deceased and the property disposed of under the provisions of section 3935, shall be liable to be disposed of for the payment of his debts and the expenses of administering his estate; but if a testator shall make provision by his will or designate therein the estate to be appropriated for the payment of his debts, the expenses of administration or family expenses they shall be paid accordingly and out of the estate thus appropriated so far as the same may be sufficient; but no general direction in any will to pay the debts of the testator out of his property shall subject the homestead to the payment thereof."

It is the first contention of the appellant that the devise to the wife of the decedent lapsed, since although she survived him she died before the will was admitted to probate. This contention is not earnestly urged and we do not think it tenable. The will spoke from the time of the death of the testator and not from the date of its probate. Of course the probate of the will established its validity and the letters of administration with the will annexed prescribe the duties of the administrator, but that did not mark the time for the vesting of the estate.

It has been frequently held in this court that even the final judgment or order of the county court does not transfer the title, but determines the persons entitled to the property and their respective interests therein. *Gillett v. Treganza,* 13 Wis. 472; *Jones v. Roberts,* 84 Wis. 465, 54 N. W. 917. In the absence of statutes to the contrary, legacies and devises do not lapse when the beneficiary named in the will survives the testator. We are satisfied that, subject to the probate of the will, the title vested in the widow of the testator at the time of his death and on her death passed to her son, the respondent *William Graunke.* *Tillotson v. Holloway,* 90 Neb. 481, 134 N. W. 232; *Jersey v. Jersey,*

146 Mich. 660, 110 N. W. 54; 1 Underhill, Wills, § 334; 4 Schouler, Wills (6th ed.) § 3231.

It is the next contention of the appellant that the true intent of the testator, bearing in mind his financial situation, was to charge the homestead with the payment of his debts and last expenses. It is argued that, with full knowledge that he had no appreciable amount of property except the homestead, he used language in the will clearly showing the intention that his debts should be paid, and that the law will assume the situation at the time of making the will was the same as that at the time of his death. The will was executed October 19, 1914, and the death occurred January 17, 1923. There is no evidence showing the financial condition of the testator in 1914 or during the eight years and more intervening until his death. After the lapse of years it is easy enough to speculate concerning the inmost thoughts and wishes which were entertained by a testator while preparing for and executing his will. But as wills are often drawn, the problem of ascertaining the real intent is often as difficult as it is interesting. We can hardly assume in this case that the testator had only a homestead in the year 1914, or, if that were true, that he did not expect that his estate would suffice to both pay his debts and leave the homestead unimpaired for his widow. "Hope springs eternal in the human breast." Under the facts, the will itself and the statutes must be our guide.

Counsel for the appellant chiefly relied on the decision of this court in *Will of Madden,* 104 Wis. 61, 80 N. W. 100. In that case the testator willed his property to his wife for life, remainder over, one half of the real estate to Philip Madden without incumbrance, and the residue, after the payment of all his debts, to Mary Ann Brown. It also provided for certain legacies. Substantially all the property at the time of death was a homestead incumbered by a mortgage. Claims were allowed in the sum of $42.50, but there was no property with which to pay this or the ex-

penses of administration unless the property left to Mary Ann Brown was liable therefor. Petition was made for license to sell the homestead interest of Mary Ann Brown to pay the claims allowed and the expenses of administration, and was granted as to the claims but denied as to the expenses of administration. The administrator appealed and this determination was affirmed by the circuit court. The opinion and syllabus were by Mr. Justice MARSHALL, and so far as relates to this subject the syllabus was as follows:

"2. Expenses of administration may be made a charge on the homestead by will, subject to widow's rights to be asserted at her election.

"3. If a testator, by will, make debts and legacies a charge on his homestead, requiring its conversion into money for their payment, there being no other property out of which to pay the same or the expenses of administration, the payment of such expenses out of the fund derived from such sale will be deemed, by implication, to have been contemplated by the testator and made a charge upon such fund."

The statutes above quoted have been construed in two later cases, *Pym v. Pym,* 118 Wis. 662, 96 N. W. 429; *Kuener v. Prohl,* 119 Wis. 487, 97 N. W. 201. In the *Pym Case* the will gave and devised to the defendant all the real and personal property which should "remain after payment of" his "just debts and funeral expenses." It was held that real estate other than the homestead could be charged with payment of debts, but that under sec. 2983 of the Statutes providing for homestead exemption, and under sec. 3862, the homestead remained exempt. In the *Kuener Case,* after the language "After my just debts and funeral expenses have been paid I give . . ." there was a provision disposing of the residue of the real and personal estate. There was no widow or minor children surviving, but the two sons named in the will survived. It was held that the will did not attempt to make the debts of the testator a charge upon

the homestead.   The *Madden Case* above cited was discussed, and in the opinion it was said:

"The particular statute upon which this case turns was not referred to in the opinion in that case.   Obviously the decision in that case is not an authority for .holding that Kuener's claim was a charge upon the homestead in question."

When all of these cases were decided secs. 2280 and 3862 were in force and have remained the same.

Counsel for the appellant argue with some force that the last twenty-six words of sec. 3862 of the Statutes must have been considered and construed in the *Madden Case*, but we cannot ignore the two later decisions which have construed mere general language like that used in the present case as not sufficient, under sec. 3862, to subject the homestead to the payment of the debts.   Under sec. 2271, in the case of intestate estates it is very clear that the homestead descends to the widow or to her children unincumbered except as to mortgages and laborers' and mechanics' liens.   Statutes provide that in the manner prescribed, and in that manner only, a testator may charge his homestead with the payment of his debts.   It is the general rule that statutes exempting homesteads should be liberally construed in favor of the widow and issue of the deceased.   It has been held in other jurisdictions, when the statutes contained no such limitations as are found in sec. 3862, that a mere general direction to pay debts would not subject the homestead to this payment.   In Minnesota the court said:

"The direction to 'pay all my just debts out of my estate' is a purely formal phrase, commonly employed and really superfluous.   To give it the meaning that it amounts to a direction by the testator that the homestead devised to his sister shall be charged with the payment of his debts would be to attach altogether too much significance to a well-worn stereotyped expression that really means nothing, any more than do the very common assertions by a testator that he is

of sound mind and aware of the uncertainties of this frail and transitory life." *Larson v. Curran,* 121 Minn. 104, 140 N. W. 337; *Cross v. Benson,* 68 Kan. 495, 75 Pac. 558.

We consider that in the case before us the language used was a mere general direction within the meaning of sec. 3862, and not specific enough to charge the homestead with the payment of the debts.

Although the county court held that the homestead was not chargeable for any of the claims allowed, there is very little discussion in either brief of the question whether it could be sold for any other purpose than the payment of debts. Strictly speaking, the only claim against the decedent was for services which arose during his life. *Estate of Kelly,* 183 Wis. 485, 198 N. W. 280. Funeral expenses and those of administration are generally paid by the executor or administrator, and if reasonable are allowed by the court in the final accounting and paid out of the estate.

By sec. 2280, after the general clause to the effect that devisees take the homestead free from judgments and claims against the testator or his estate except mortgages and laborers' and mechanics' liens, it is provided that if the owner leaves no widow or minor child or other property than the homestead sufficient to pay the expenses of his *last sickness, his funeral expenses,* and the costs and charges of administering the estate, the homestead shall be subject to such expenses and costs and charges. By the last clause of this section another contingency is provided for, namely, "and provided further, that if he shall not leave a widow, child or grandchild nor other property sufficient to pay his *debts and liabilities* such homestead shall be liable therefor." In other words, under one state of facts the homestead is subject to the payment of the expenses of the last sickness, funeral expenses, and those of administration; and under other conditions to the payment of debts and liabilities. Under the statute as set out in ch. 270 of the Laws of 1864 it was held that the homestead was part of the husband's real property and could be treated by him as his own prop-

erty, except as his rights of disposal were taken away by statute, and could be devised charged with such conditions as the payment of debts and legacies. *Turner v. Scheiber,* 89 Wis. 1, 61 N. W. 280. By statute (ch. 118 of the Laws of 1891) the provisions as found in sec. 2280 of the Statutes of 1923 were added, although in somewhat different language from that used in the present statutes. Sec. 3862 of the Statutes uses the same language as that used in the Revised Statutes of 1878. The last twenty-six words clearly limit the manner in which a will may subject the homestead to the payment of *debts,* as we have already indicated, but it contains no limitation as to the manner in which the payment of the expenses of the last sickness, the funeral, and the costs and charges of administration, mentioned in sec. 2280, shall be provided for. There seems to be reason for distinguishing such expenses as are mentioned in sec. 2280 from the general debts of the testator. By sec. 3852 of the Statutes expenses of last sickness and funeral expenses are required to be paid before the general debts.

Construing secs. 2280 and 3862 together, it would seem that a testator may by general provisions direct that the expenses of last sickness and funeral expenses shall be paid, and that if there is not sufficient other property for the payment these expenses may be thus made a charge on the homestead. There seems good reason to believe that although the legislature intended to protect the homestead for the widow and children they did not intend that in cases like the present one there should be no liability of any kind to pay for the decent burial of the deceased and the expenses of his last sickness, when provision is made therefor in the will.

It is our conclusion that the will should be construed to mean that the homestead should be held subject to the payment of the expenses of the last sickness of the deceased and of the funeral expenses, for which the will provided, and that it is not subject to the payment of the debts.

The will provided for the payment of funeral expenses.

It seems to be a well settled rule that the probate court may properly allow, as a disbursement by the executor or administrator for a headstone or monument, a reasonable amount considering the value of the estate. And the expenditure is classed as a funeral expense. See collection of cases in note to 33 L. R. A. 666. Whether the amount is reasonable or not depends on all the circumstances, among others whether the allowance would be unjust to creditors. Since in this case the homestead was exempt as to creditors, no such question is involved. As the county court evidently regarded the claim as reasonable, we hold that the estate is subject to the charge.

No question is raised as to the expenses of administration, and we confine our decision to the points which are presented.

*By the Court.*—The judgment is reversed, and the cause remanded to the county court for further proceedings in accordance with this opinion.