MAYNARD E. BUCK, Appellant, v. A. MACEACHRON et al., Appellees.

No. 40057.

MARCH 18, 1930.

*Birdsall, McGrath & Archerd,* for appellant.

*Hobbet & Blue,* for A. MacEachron, appellee.

*Goldfield Telephone Company, pro se.*

STEVENS, J.—This is an action in equity, to quiet title to Lots 6 and 7, Block 36, in the town of Goldfield, which was occupied by Alice Buck and A. P. Buck, her husband, as their  homestead, at the time of her death, on January 10, 1925, and by her surviving husband until his death, on November 5, 1926, against the claims of certain creditors of Alice Buck's. Alice Buck died testate, seized in fee of the above-described property. So far as material, her will is as follows:

"First: I direct my executor hereinafter named to pay all the expenses of my last sickness and of my funeral, and all of my just debts.

"Second: I give, devise and bequeath Lots Six and Seven (6 and 7) Block Thirty Six (36), Town of Goldfield, Iowa, together with all personal or other property after the payments provided for in Item One, of whatsoever kind and description, to my beloved husband, A. P. Buck."

Shortly prior to his death, A. P. Buck conveyed the said property to Maynard Buck, his brother, appellant, who resided with him for several months after the death of his wife, for an expressed consideration of love and affection. A. P. Buck was named as executor in his wife's will, and duly qualified and acted as such.

Appellee A. MacEachron is the administrator of the estate of A. P. Buck, and the owner of a claim duly established in his favor in probate against the estate of Alice Buck for funeral expenses. No claim was asserted by the defendant Goldfield Telephone Company, although the court declined to quiet title against it.

The homestead of the parties, unless otherwise provided in the will of Alice Buck, was exempt from judicial sale at the suit of creditors, and also for funeral expenses. Section 10150, Code, 1924.

"Subject to the rights of the surviving husband or wife, the homestead may be devised like other real estate of the testator." Section 10148, Code, 1924.

The parties stipulated that A. P. Buck elected to take under the will of his wife, and that she left sufficient personal property for the payment of all her debts and funeral expenses.

Counsel on both sides of the case have confined their discussion to one subject: that is, to the construction of the will. This, therefore, is the only proposition to be considered. A devise of a homestead will not be subject to the debts of the testator's creditors unless the intention to do so is clearly and unequivocally therein expressed. *Miller v. Miller,* 200 Iowa 1070; *In re Estate of Caldwell,* 204 Iowa 606; *In re Estate of Schultz,* 192 Iowa 436. See, also, *Will of Borchardt,* 184 Wis. 561 (200 N. W. 461); *Larson v. Curran,* 121 Minn. 104 (140 N. W. 337). Neither *Miller v. Miller* nor *In re Estate of Caldwell,* supra, involved homesteads, but they did involve bequests of life insurance payable to the estate of the assured. In each of them, the necessity for a clear, unequivocal expression of intention by the testator in such case was emphasized.

In Item I of the will in controversy, the testator directs her executor to pay the expenses of her last sickness and her funeral and all of her just debts. In the second item, she devised the  homestead to her husband, A. P. Buck, together with all personal or other property of which she might die seized. This item of the will contains but a single sentence, and, as will be observed, the devisee is named at the close thereof. The word "Iowa" in the fore part of the sentence is separated by a comma from the following language: "Together with all personal or other property after the payments provided for in Item One." Are the words "after the payments provided for in Item One" referable only to the personal and other property of the testator, or was it her intention to have them apply also to the homestead? Punctuation is ordinarily of little importance in the construction of wills, but when grammatically used, may be a substantial aid in ascertaining the intent. *Canaday v. Baysinger,* 170 Iowa 414; *Iowa City State Bank v. Pritchard,* 199 Iowa 676; 1 Page on

Wills (2d Ed.), Section 825; 1 Underhill on the Law of Wills, Section 369.

The comma separating what preceded it from the clause "together with all personal or other property after the payment of debts" would seem to be a substitute for, and the equivalent of, the words "and also." That is to say, the homestead was first devised specially to the husband, and also the personal property was given to him, subject, however, to the payment of debts and funeral expenses. Thus construed, the intention of the testator to require the payment of debts and funeral expenses out of the personal property would seem to be clear. At best, an intention on her part to subject the homestead to the payment of debts and funeral expenses is doubtful. Even in such case, the homestead would remain exempt.

As suggested above, our discussion and decision are limited strictly to the proposition presented by counsel in argument: that is, does the will, by its terms, make the homestead subject to debts and funeral expenses? We reach the conclusion that such was not the intention of the testator, but that the intention is clear that the personalty alone is to be so used.

In so far, therefore, as the court granted relief to the interveners it is reversed. In all other respects it is affirmed.—*Reversed in part; affirmed in part.*

MORLING, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.