MITCHELL, Appellant, vs. MITCHELL and others, Respondents.

*November 9, 1938—March 7, 1939.*

464

*Cecilia Doyle,* attorney, and *T. L. Doyle* of counsel, both of Fond du Lac, for the appellant.

*J. E. O'Brien* of Fond du Lac, for the respondents.

The following opinion was filed January 10, 1939:

FAIRCHILD, J. A testator who disposes of his property as under this will does not devise real estate to his children when he provides that there shall be a conversion of his estate and that from the proceeds certain of his children shall receive specified amounts. Under such an arrangement an equitable conversion must occur before those children receive what the testator has left to them, and they do not take title to the real estate. *Ottstadt v. Jardine* (1938), 229 Wis. 85, 281 N. W. 644.

By the terms of the will, the real property never passed to the executor or to that group of children. The widow was given a life estate, with remainder to Charles and a contingent remainder to Henry in case Charles should elect not to retain the farm. All that would remain to the estate after distribution of the personalty was the possibility that the farm might revert in case neither Charles nor Henry should retain it, in which event it was to be sold and the "proceeds" distributed.

It appears that the estate of George Mitchell was never formally closed. At the time of the decree of June 5, 1900, there remained undistributed personal property valued at $333. Thereafter all of the children except Henry filed receipts for their share of this personalty, and the estate was then exhausted except for the possibility that the farm might revert. The parties having assumed that Henry and Charles had the right to wait until the widow's death before electing whether to retain the farm, it was considered expedient for the executor to continue as executor until such time as they had made their decision, and for that reason the estate was not closed.

It is contended on behalf of the respondents that no one could gain title to the farm by adverse possession after the testator's death in 1899 because the realty was at all times in *custodia legis* and held by the trustee of an express trust. But if in fact the executor held anything in trust it was only a possibility of the farm reverting to the estate for sale, and that possibility having terminated in 1909 when Henry elected under and by virtue of the will to retain the farm and pay the legacies, thereafter there was nothing in *custodia legis*. Since nothing remained in the estate, there was very little occasion for any further action in that matter. Certainly Henry had no reason for attempting to continue the proceedings in the county court. The widow's life estate had

terminated, the remainder to Charles had fallen because of his election, and Henry by virtue of the will became the owner in fee of the real estate, subject, of course, to the payment of legacies as therein specified. *Powers v. Powers* (1871), 28 Wis. 659; *Will of Root* (1892), 81 Wis. 263, 51 N. W. 435; *Kuener v. Prohl* (1903), 119 Wis. 487, 97 N. W. 201.

The legacies were a charge to be recognized by Henry and capable of being declared a lien upon the land, and the respondents contend that the statute of limitations could not run as against this charge because it was in the nature of an express trust. *Bostwick v. Estate of Dickson* (1886), 65 Wis. 593, 26 N. W. 549; *Fawcett v. Fawcett* (1893), 85 Wis. 332, 55 N. W. 405. The rule upon which the respondents rely was stated in *Williams v. Williams* (1892), 82 Wis. 393, 52 N. W. 429, where it was held that a charge upon real estate created by will is an express trust to which the statute of limitations does not apply unless there has been a denial or repudiation of the trust. But *Williams v. Williams* was expressly overruled in *Merton v. O'Brien* (1903), 117 Wis. 437, 94 N. W. 340, in which it was held that a charge for the payment of legacies was not an express trust so as to prevent the running of the statute. Under the rule of the latter case the will of George Mitchell did not create an express trust against which the statute would not run, at least in so far as the will made the legacies a charge upon the land.

The running of the statute of limitations in the present case was not affected by the circumstance that no final order was ever entered in the matter of the estate of George Mitchell. Henry Mitchell's title to the farm came to him from his father and not from the estate or from the executor. *Caldwell & Gates Co. v. Mennes* (1926), 190 Wis. 551, 209 N. W. 588; *Latsch v. Bethke* (1936), 222 Wis. 485, 269 N. W. 243; *Will of LeFeber* (1937), 223 Wis. 393, 271

N. W. 95. Henry's title was never held in trust by the executor and no final decree was necessary to transfer title from the estate. If any interest in land was held in trust, that interest terminated when Henry elected to retain the farm, and thereafter there existed no trust of any kind to prevent the running of the statute.

When Henry made his election in 1909 he became personally liable to pay the legacies. There appears to be no present way to determine whether they were in fact paid, except as to Charles, who acknowledged payment, but if they were not paid the claims of the legatees were barred after six years under the rule of *Trickle v. Snyder* (1935), 217 Wis. 447, 259 N. W. 264, in which it was held that the personal liability for payment of a legacy is barred by the six-year statute of limitations, sec. 330.19 (3), Stats. It is unnecessary to determine what the effect would have been had these claims become a lien upon the land through the intervention of a court of equity, for as a matter of fact no steps were taken by anyone to accomplish that result, and therefore the equitable remedy was barred at the same time as the legal remedy. *Nolan v. First Nat. Bank* (1915), 161 Wis. 22, 152 N. W. 468.

There remains only the question as to jurisdiction. The respondents have cited cases holding that the circuit court should not assume jurisdiction of an estate or of the enforcement of a trust created by will unless it be made to appear that the county court before which the estate is being administered cannot afford as adequate, complete, and effective a remedy as the circuit court. *Cawker v. Dreutzer* (1928), 197 Wis. 98, 221 N. W. 401; *Connell v. Connell* (1931), 203 Wis. 545, 234 N. W. 894. It has already been pointed out that the estate of George Mitchell was not being actively administered at the time this action was brought, and that there was no occasion for further proceedings in the county court to carry the title to Henry Mitchell. There was no

estate which was being administered in the sense in which that expression is used in the rule relied upon. The fact that no final decree had been entered in the county court did not, therefore, interfere with the jurisdiction of the circuit court. For this reason it is considered that the circuit court was wrong in concluding that it had no jurisdiction.

Since it appears beyond dispute that more than six years have elapsed since the legacies became the personal obligations of Henry, and it also appearing from the undisputed facts that Henry had at all times since 1909 held possession of the premises under the title which he derived from the will of his father, the evidence requires a ruling that judgment be entered in favor of the plaintiff.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in accordance with this opinion.

A motion for a rehearing was denied, with $25 costs, on March 7, 1939.