Sundermann (Gustave) and wife, Respondents, vs. Heinrich and others, Defendants: Sundermann (Herman) and wife, Appellants.

*February 7—March 7, 1939.*

For the appellants there was a brief by *Gold & McCann,* and oral argument by *Richard A. McDermott,* all of Milwaukee.

For the respondents there was a brief by *Schanen & Linley,* attorneys, and *Victor Linley* of counsel, all of Port Washington, and oral argument by *Mr. Linley.*

FAIRCHILD, J. For the purpose of determining who holds title to the land in question, it is sufficient to know that under the terms of the will of August Sundermann the farm was devised to Gustave subject to certain charges. If these liens or charges have been discharged, the land belongs to the plaintiffs.

The will of August Sundermann was admitted to probate in the county court on September 15, 1893. On March 12, 1895, a decree was made by that court assigning the real estate to the plaintiff subject to the payment of the legacies. Those who were entitled to the legacies were sisters and a brother of the plaintiff Gustave, and the claims of all, with the exception of Lizette, were paid. It is alleged by the defendants Herman and Lillian, the appellants here, that one of the legatees, Lizette, died before reaching her majority, unmarried, leaving as her heirs the brothers and sisters, and the appellants seek to establish their claim as heirs of Lizette. Their efforts in this cannot succeed, because their rights are controlled by a deed of April 5, 1915, by which Herman, Helen, and Mathilda conveyed all their interest in the premises to the plaintiff. On July 6th, Pauline executed a similar conveyance to the plaintiff. These instruments were quitclaim deeds in the form prescribed by sec. 235.06, Stats., which is the same statute that was in effect when the deeds were executed. In *Pinkerton v. Fenelon* (1907), 131 Wis. 440, 443, 111 N. W. 220, it was said that "a general quitclaim deed from an individual *sui juris* would, presumptively, and in the absence of any legitimate evidence to qualify it,

be deemed to convey every shred of interest in the described land which he had." To the same effect is sec. 235.06, which provides that a quitclaim deed in the statutory form shall have the effect of a conveyance in fee simple of all right, title, interest, and estate of the grantor, either in possession or in expectancy, in and to the premises described. Whatever interest the defendants may have had in the farm because of the charges created by their father's will, they released that interest by their quitclaim deed.

The objections raised by the defendants concerning the failure to close the estate of August Sundermann in the county court are without merit. That formal proceeding was not necessary in order to establish title in Gustave Sundermann, and the circuit court properly concluded that it had jurisdiction of the present action to quiet title. *Mitchell v. Mitchell* (1939), *ante*, p. 461, 283 N. W. 448.

The motion for change of venue, having been made on June 3d after the term had begun in March, and more than ten days after service of notice of trial, was not timely. Sec. 261.08 (3), Stats., provides that such a motion must be made on or before the first day of the term at which the case is triable, or within ten days after the case is noticed for trial. Sec. 252.06 provides that the terms of court in Ozaukee county shall commence on the first Monday in September and March. Issue having been joined so that the case was triable at the March term, the motion was not made on or before the first day of the term at which the case was triable. Under the provisions of sec. 252.09, this term continued until the beginning of the September term. There was, therefore, no special term, and the use of the expression "special term" in the notice of trial, while it was misleading, could have no legal effect. Notice of trial was served upon the appellants on May 22, 1937. It was filed with the clerk two days later. When the notice was served, the case was noticed for trial,

even though the notice was not filed on that day. Under the provisions of sec. 261.08 (3), the last day for making the motion for change of venue upon an affidavit of prejudice was ten days after May 22d. As the motion was not made until June 3d, it was not timely, and we do not, therefore, treat with the other objections to its sufficiency.

There are other errors assigned, but it is unnecessary to treat with them, as they could not alter the result on this appeal, because of the clear relinquishment to plaintiff of the defendants' claims against the land.

*By the Court.*—Order and judgment affirmed.